## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHEOLAN KIM, individually and on behalf of all others similarly situated, | |
| Plaintiff, | 1:07-CV-01757 (RWR) |
| | CIVIL ACTION |
| v. | |
| HARMAN INTERNATIONAL INDUSTRIES INC., DR. SIDNEY HARMAN, KEVIN BROWN and SANDRA B. ROBINSON, | |
| Defendants. | |
| | |
| CITY OF BOCA RATON GENERAL EMPLOYEES' PENSION PLAN, on behalf of itself and all others similarly situated, | |
| Plaintiff, | 07-CV-_____ |
| v. | |
| HARMAN INTERNATIONAL INDUSTRIES INC., DR. SIDNEY HARMAN, KEVIN BROWN and SANDRA B. ROBINSON, | |
| Defendants. | |

**MOTION OF CITY OF BOCA RATON GENERAL EMPLOYEES' PENSION PLAN TO BE APPOINTED LEAD PLAINTIFF PURSUANT TO §21(D)(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934; TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL; AND TO CONSOLIDATE ALL RELATED ACTIONS**

The City of Boca Raton General Employees' Pension Plan ("BRGEPP"), by its undersigned attorneys, hereby moves this Court, pursuant to Section 21(D)(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 109 Stat. 737 (the "Reform Act") for an Order:

1.     Consolidating the above-captioned actions, as well as any other related actions pending in this Court and any subsequently filed or transferred actions;

2.     Appointing BRGEPP as the Lead Plaintiff in the consolidated actions; and

3.     Approving BRGEPP's choice of counsel, the law firm of Mager & Goldstein LLP as Lead Counsel and Straus & Boies as Local Counsel in the consolidated actions.

In support of this motion, BRGEPP submits the accompanying Memorandum of Law, and exhibits, along with a proposed order.

Dated: November 30, 2007

Respectfully submitted,

/s/Timothy D. Battin

**STRAUS & BOIES, LLP**
Timothy D. Battin, Esq.
4041 University Drive, Suite 500
Fairfax, Virginia 22030
Telephone: (703) 764-8700
Facsimile:  (703) 764-8704
**[Proposed] Local Counsel**

**MAGER & GOLDSTEIN, LLP**
Jayne Arnold Goldstein, Esq.
1640 Town Center Circle, Suite 216
Weston, Florida 33326
Telephone: (954) 515-0123
Facsimile: (954) 515-0124
**[Proposed] Lead Counsel**

**LOCKRIDGE GRINDAL
NAUEN, PLLP**
Richard A. Lockridge, Esq.
Karen Hanson Riebel, Esq.
Nathan D. Prosser, Esq.
100 Washington Avenue South,
Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

**FINE, KAPLAN AND BLACK, RPC**
Roberta D. Liebenberg, Esq.
1835 Market Street
28th Floor
Philadelphia, PA 19103
Telephone: (215) 567-6565
Facsimile: (215) 568-5872

**[Proposed] Additional Counsel**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHEOLAN KIM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES INC., DR. SIDNEY HARMAN, KEVIN BROWN and SANDRA B. ROBINSON,<br><br>Defendants. | 1:07-CV-01757 (RWR)<br><br>CIVIL ACTION |
| CITY OF BOCA RATON GENERAL EMPLOYEES' PENSION PLAN, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES INC., DR. SIDNEY HARMAN, KEVIN BROWN and SANDRA B. ROBINSON,<br><br>Defendants. | 07-CV-_____<br><br><br>MEMORANDUM IN SUPPORT OF THE CONSOLIDATION OF ALL RELATED ACTIONS AND APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |

**MEMORANDUM IN SUPPORT OF THE CITY OF BOCA RATON GENERAL EMPLOYEES' PENSION PLAN'S MOTION FOR THE CONSOLIDATION OF ALL RELATED ACTIONS; APPOINTMENT OF LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

## PRELIMINARY STATEMENT

The City of Boca Raton General Employees' Pension Plan ("BRGEPP" or "Movant"), respectfully submits this memorandum pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order: (i) consolidating all related actions; (ii) appointing the BRGEPP as the Lead Plaintiff in the consolidated action and any subsequently filed related cases; and (iii) approving its selection of Mager & Goldstein LLP as Lead Counsel and Straus & Boies, LLP to serve as Local Counsel.

The BRGEPP acquired 2,100 shares of Harman International Industries Inc.'s ("Harmon" or the "Company") common stock[1] during the period from April 26, 2007 through September 24, 2007 (the "Class Period") and as a result has suffered economic losses.[2] The BRGEPP is familiar with the applicable provisions governing the appointment of the lead plaintiff in securities class actions, understands its responsibilities to the class, and is willing and able to oversee the prosecution of this action.

The PSLRA directs the Court to appoint the "most adequate plaintiff" to serve as lead plaintiff and, in making this determination, to presume that this is the entity that, among other things, has "the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-

---

[1]    A copy of the BRGEPP's certification setting forth its transactions in Harmon's common stock is attached as Exhibit A, the Declaration of Timothy D. Battin submitted herewith.

[2]    The losses suffered by the BRGEPP, as detailed herein, are not the same as legally compensable damages, measurement of which is often a complex legal question, which cannot be determined at this stage of the litigation.    The approximate losses can, however, be determined from the executed certification required under Section 21D of the Exchange Act and based upon reference to information concerning the market for Harman common stock. Harman's approximate loss is $70,455.    As BRGEPP only purchased Harman common stock during the class period and has not made a sale in the ninety day post class period window, its losses are the same under both FIFO and LIFO calculations. *See* Battin Declaration, Ex. B

4(a)(3)(B)(iii)(I)(bb). The BRGEPP believes that it has the largest financial interest in the relief sought by the class. Furthermore, the BRGEPP will ensure that the litigation is conducted in the best interests of the members of the class and is not subject to any unique defenses that would render it incapable of adequately representing the class. The BRGEPP has retained experienced counsel and respectfully requests that the Court grant its motion to be appointed lead plaintiff, and approve its selection of Mager & Goldstein LLP as Lead Counsel and Straus & Boies, LLP to serve as Local Counsel.

## **FACTURAL BACKGROUND**

The captioned actions allege that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, by issuing a series of material misrepresentations to the market during the Class Period and thereby artificially inflating the price of Harman securities. Defendants are the Company and certain of its top officers; Dr. Sidney Harman, Kevin Brown and Sandra B. Robinson. The Complaint filed by the BRGEPP alleges that on April 26, 2007 Harman announced that it had entered into a Merger Agreement to be acquired by affiliates of Kohlberg Kravis Roberts & Co. L.P. and GS Capital Partners ("Purchasing Companies") in a transaction valued at approximately $8 billion.

The Complaint further alleges that the defendants made misstatements and omitted information regarding the Company's business and prospects, particularly its research and development spending associated with new products and product launches. The Complaint further alleges that development will impact Harman so severely going forward that the Company may not show any profit growth at all in its 2008 fiscal year, which ends June 30, 2008. Furthermore, it is alleged that these costs were concealed at the time Harman entered into the Merger Agreement ("Merger") with the Purchasing Companies, which was later retracted

when the truth was revealed.

The Complaint further alleges that throughout the Class Period, defendants failed to disclose additional materially adverse facts concerning the Company's financial well-being and prospect: (1) that the Company had breached the Merger Agreement with the investment fund firms and thus placed the merger in serious doubt; (2) that the Company needed to sustain higher research and development costs primarily related to its automotive platform awards; (3) that the Company's inventory was greater than disclosed and was negatively impacting its cash flow; (4) that its relationship with the automaker Daimler-Chrysler had materially worsened; (5) that a material adverse change in Harmans' business had occurred which related to capital spending; (6) that the Company's financial health had generally deteriorated; and (7) that, as a result of the foregoing, the Company's statements about its financial well-being, earnings, and future prospects were lacking in a reasonable basis when made.

On September 21, 2007, the Company shocked investors when it announced that its previously touted merger with the Purchasing Companies was no longer going to be completed and had been abandoned. The Purchasing Companies no longer intended to complete the previously announced acquisition of Harman because it believed that a material adverse change in Harman's business had occurred and that Harman breached the Merger Agreement. Furthermore, on September 24, 2007, for the first time, the Company revealed that planned research and development spending associated with new products and product launches would impact Harman so severely going forward that it might not show any profit growth at all in its 2008 fiscal year. It is alleged that had the actual financial position been revealed at the time the Merger Agreement was entered, there would have been no Merger, or conversely, the Merger would have been made at a much lower price. A central component of the Merger was an offer

to Harman shareholders the ability to trade some or all of their shares in Harman for shares in the new post-Merger company. When the Merger Agreement was announced, the Purchasing Companies also publicized that they had specifically "structured the transaction so that current Harman stockholders [would] have the opportunity to participate in the future upside potential of the enterprise."

The Complaint ultimately alleges that Harman failed to disclose material adverse facts concerning the Company's financial well-being and prospects so as to inflate the stock price prior to the Merger and achieve extraordinary personal benefits for top insiders, such as Defendant Dr. Sidney Harman, who holds approximately five percent (5%) of Harman shares directly and beneficially. The Merger would have allowed him to liquidate his shares and receive proceeds of approximately $210 million.

The scheme deceived the investing public regarding Harman's business, operations, the Merger and the intrinsic value of the Company's common stock, and caused plaintiff and other members of the Class to purchase Harman common stock at artificially inflated prices.

## ARGUMENT

### I.   Related Actions Should Be Consolidated

The PSLRA, among other things, provides for consolidation of related actions brought under the federal securities laws. Section 21D(a)(3)(B)(ii) of the Exchange Act addresses the issue of consolidation of similar actions filed under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)(I)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii). Rule 42(a) of the Federal Rules of Civil Procedure provides as

follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. Each of the above captioned actions involves class action claims on behalf of class members who purchased or otherwise acquired Harman securities during the Class Period. The BRGEPP believes that consolidation is appropriate for the related actions filed in this Court because they involve common questions of law and fact and allege the same or similar claims under the Federal securities laws on behalf of the same or similar plaintiff class. *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005); *Scarborough v. Nat'l Ass'n. of Sur. Bond Producers*, 474 F. Supp. 2d 64, 70-71 (D.D.C. 2007) (finding that the district court "may order all the actions consolidated[,] and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."). In addition, all actions will involve similar issues regarding class certification, and will involve identical discovery of the parties and of non-parties. Accordingly, these actions should be consolidated for all purposes in the interest of judicial economy and overall efficiency. *Id.* at 71.

The BRGEPP therefore, respectfully requests that the Court consolidate the above captioned actions and any subsequently filed related actions.

## II.    **BRGEPP Should Be Appointed Lead Plaintiff For The Consolidated Action**

### A.    **The Procedures Required By The PSLRA**

Section 21D of the Exchange Act, as amended by the PSLRA, sets forth the procedure for the selection of Lead Plaintiff to oversee class actions brought under the federal securities

laws. Specifically, §21D(a)(3)(A)(i) provides that within 20 days after the date on which the first class action is filed under the PSLRA, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice informing class members of the action and its their right to file a motion for the appointment as lead plaintiff. On October 1, 2007, the plaintiff who first filed against Harman published notice over *Business Wire*, a widely circulated national business-oriented wire service. *See* Battin Declaration, Ex. C. When, multiple actions are brought on behalf of a class asserting substantially the same claims, only the plaintiffs in the first file action must publish notice. 15 U.S.C. §77z-1(a)(3)(A)(ii).

The PSLRA provides that within 60 days after the initial publication of notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by a plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice by not later than 90 days after the date of publication pursuant to §21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section, the Court is directed to consider any motion made by a class member and appoint as Lead Plaintiff the class member or members that the Court determines to be most capable of adequately representing the interests of all class members.

In determining the "most adequate plaintiff" the PSLRA provides that:

> [T]he Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –

> (aa)    has either filed the complaint or made a motion in response to a notice . . .;

> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

**B.    The BRGEPP Satisfies The Lead Plaintiff Provisions Of The PSLRA**

**1.    The BRGEPP Has Complied With The PSLRA**

On October 1, 2007, the plaintiff who first filed against Harman published notice. *See* Battin Declaration, Ex. C. The notice advised class members of the existence of the securities class action lawsuit against Harman and certain of its officers, the claims asserted therein, the Class Period and their right to move for Lead Plaintiff. As such, the time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)((3)(A) and (B) expires on November 30, 2007. Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, the BRGEPP herein timely moves this Court to be appointed Lead Plaintiffs on behalf of all members of the class. *See* Battin Declaration, Ex. C.

Linda Davidson, as Chairwoman of the Board for the BRGEPP, submitted a certification stating that she had reviewed the complaint filed in the action, and is willing to serve as a representative party on behalf of the Class. *See* Battin Declaration, Ex. A. The Certification attests that the BRGEPP has purchased 2,100 shares of Harman securities during the Class Period. *See* Battin Declaration, Ex. A. In addition, the BRGEPP has selected and retained experienced and competent counsel to represent them and the Class.

**2.    The BRGEPP Has The Largest Financial Interest In The Relief Sought**

Presumptively the most adequate plaintiff is the person or group of persons that in the determination of the Court has the largest financial interest in the relief sought by the class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The PSLRA requires "courts to presume that the member of the

purported class with the largest financial stake in the relief sought is the 'most adequate plaintiff'" with the purpose being "to increase the likelihood that institutional investors will serve as lead plaintiffs." *In re the Baan Co. Sec. Litig.*, 271 F. Supp. 2d 3, 13 n.12 (D.D.C. 2002) ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.") (citing H.R. Conf. Rep. 104-369, at 34; reprinted in 1995 U.S.C.C.A.N. 679, 733-34).

The certification of the BRGEPP demonstrates that it acquired 2,100 shares of Harman common stock during the class period at prices artificially inflated by defendants' false and misleading statements. *See* Battin Declaration, Ex. A. To the best of its knowledge, the BRGEPP has the largest financial interest in the relief sought by the Class. The BRGEPP therefore, is presumptively the most adequate Lead Plaintiff pursuant to the PSLRA. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3.     The BRGEPP Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. At this stage of the action, the BRGEPP need only make a preliminary showing that it satisfies the typicality and adequacy requirements. *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 18 (D.D.C. 2006). Moreover, the PSLRA provides that the presumption in favor of the most adequate plaintiff may be rebutted only upon proof that the institutional investor with

the largest financial interest "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 12 U.S. C. 78u-4(a)(3)(B)(iii)(II). Thus, in deciding a lead plaintiff motion, the Court may limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

As detailed below, the BRGEPP satisfies the typicality and adequacy requirements of Rule 23(a).

### (a)    The Claims Of The BRGEPP Are Typical Of The Claims Of The Class.

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; and (c) its claims are based on the same legal issues. *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. at 18 (holding that "[t]ypicality is generally satisfied when the plaintiff's claims arise from the same course of conduct, series of events, or legal theories as the claims of other class members. [T]he typicality requirement 'assess[es] whether the action can be efficiently maintained as a class and whether the [lead plaintiffs] have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented.'" (citation omitted)).

The questions of law and fact common to the class members here, which predominate over questions that may affect individual claims, include: (a) whether the federal securities laws were violated by defendants' acts; (b) whether defendants' statements during the Class Period omitted and/or misrepresented material facts; (c) whether the defendants acted intentionally or recklessly; (d) whether the market price of Harman stock was artificially inflated due to the

activities complained of; and (e) the extent of damages class members sustained and the appropriate measure of those damages. The BRGEPP's claims are typical of the claims of the members of the proposed class. The BRGEPP, as do all members of the class, allege that certain of Harman's high ranking officers violated the Exchange Act by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts about Harman during the Class Period. Further, the BRGEPP, as did all of the members of the proposed class, acquired Harman stock at prices inflated by defendants' misrepresentations and omissions and were damaged thereby. The typicality requirement is satisfied because the claims asserted by the BRGEPP are based on the same legal theory and arise from the same course of conduct, and each class member makes similar legal arguments to prove defendants liability.

      **(b)    The BRGEPP Will   Fairly And Adequately Represent The Interest Of The Class.**

      The interests of the BRGEPP are clearly aligned with the members of the proposed class. There is no evidence of any antagonism between the interests of the BRGEPP and the proposed class members. As detailed above, the BRGEPP shares substantially similar questions of law and fact with the members of the proposed class, its claims are typical of the members of the class, and it has taken significant steps to advance this litigation. In addition, the BRGEPP has amply demonstrated its adequacy to serve as class representative by signing a Certification affirming its willingness to serve as, and assume the responsibilities of, class representative.

      Finally, the BRGEPP selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent them. *See* Battin Declaration Ex. D and Ex. E. For these reasons, the BRGEPP should be appointed Lead Plaintiff in the consolidated action.

**III. THIS COURT SHOULD APPROVE THE BRGEPP'S CHOICE OF LEAD COUNSEL**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* § 21D(a)(3)(B)(v); *see also In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. at 21(approving lead plaintiff's selection of lead counsel because the PSLRA "evidences a strong presumption in favor of approving a properly-appointed lead plaintiff's decisions as to counsel selection and counsel retention"). The BRGEPP has selected the law firm of Mager & Goldstein LLP to represent it and serve as Lead Counsel for the Class, and Straus & Boies, LLP to serve as Local Counsel. The law firm has extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Battin Declaration Ex. D. and Ex. E.

**CONCLUSION**

For the foregoing reasons, the City of Boca Raton General Employees' Pension Plan respectfully requests that the Court: (i) consolidate all related cases (ii) appoint the BRGEPP as Lead Plaintiff in the consolidated action pursuant to § 27A(a)(3)(B) of the Securities Act of 1993, 15 U.S.C. §77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995; and (iii) approve BRGEPP's selection of Mager & Goldstein LLP to represent it and serve as Lead Counsel, and Straus & Boies, LLP to serve as Local Counsel.


Dated: November 30, 2007                     Respectfully Submitted,


                                              /s/ Timothy D. Battin
                                             **STRAUS & BOIES, LLP**
                                             Timothy D. Battin, Esq.
                                             4041 University Drive, Suite 500
                                             Fairfax, Virginia 22030
                                             Telephone: (703) 764-8700
                                             Facsimile: (703) 764-8704
                                             **[Proposed] Local Counsel**

                                             **MAGER & GOLDSTEIN, LLP**
                                             Jayne Arnold Goldstein, Esq.
                                             1640 Town Center Circle, Suite 216
                                             Weston, Florida 33326
                                             Telephone: (954) 515-0123
                                             Facsimile: (954) 515-0124
                                             **[Proposed] Lead Counsel**

                                             LOCKRIDGE GRINDAL NAUEN, PLLP
                                             Richard A. Lockridge, Esq.
                                             Karen Hanson Riebel, Esq.
                                             Nathan D. Prosser, Esq.
                                             100 Washington Avenue South, Suite 2200
                                             Minneapolis, MN 55401
                                             (612) 596-4097

FINE, KAPLAN AND BLACK, RPC
Roberta D. Liebenberg, Esq.
1835 Market Street
28th Floor
Philadelphia, PA 19103
Telephone: (215) 567-6565
Facsimile: (215) 568-5872

**[Proposed] Additional Counsel**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHEOLAN KIM, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HARMAN INTERNATIONAL INDUSTRIES INC., DR. SIDNEY HARMAN, KEVIN BROWN and SANDRA B. ROBINSON,<br><br>        Defendants. | 1:07-CV-01757 (RWR)<br><br>CIVIL ACTION |
| CITY OF BOCA RATON GENERAL EMPLOYEES' PENSION PLAN, on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HARMAN INTERNATIONAL INDUSTRIES INC., DR. SIDNEY HARMAN, KEVIN BROWN and SANDRA B. ROBINSON,<br><br>        Defendants. | 07-CV-_____ |

## DECLARATION OF TIMOTHY D. BATTIN IN SUPPORT OF THE MOTION OF THE CITY BOCA RATON GENERAL EMPLOYEES PENSION PLAN FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF CHOICE OF COUNSEL, AND TO CONSOLIDATE ALL RELATED ACTIONS

I, Timothy D. Battin declare as follows:

1.      I am a partner with the law firm of Straus & Boies LLP, local counsel for proposed lead plaintiff City of Boca Raton General Employees Pension Plan ("BRGEPP") (or sometimes "Proposed Lead Plaintiff").

2.      This declaration is submitted in support of Proposed Lead Plaintiff's Motion for Appointment of Lead Plaintiff on behalf of investors who purchased or otherwise acquired the common stock of Harman International Industries, Inc. ("Harman") from April 26, 2007 to September 24, 2007, inclusive (the "Class"), and for approval of Proposed Lead Plaintiff's choice of Mager & Goldstein LLP as Lead Counsel.

3.      Attached hereto as Exhibit A is a true and accurate copy of the Certification of Named Plaintiff signed by Linda Davidson, Chairwoman of BRGEPP.

4.      Attached hereto as Exhibit B is a loss chart analyzing BRGEPP's transactions in Harman common stock during the Class Period.

5.      Attached hereto as Exhibit C is a true and correct copy of the Notice that the law firm of Cohen, Milstein, Hausfield, & Toll, P.L.L.C. published on Business Wire on October 1, 2007.

6.      Attached hereto as Exhibit D is the firm resume for Mager & Goldstein LLP

7.      Attached hereto as Exhibit E is the firm resume for Straus & Boies, LLP

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 30th day of November, 2007.

Timothy D. Battin

# Exhibit A

## CERTIFICATION OF REPRESENTATIVE PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, Linda Davidson, Chairwoman of the Board for the City of Boca Raton General Employees' Pension Plan ("Boca Raton General") and on behalf of Boca Raton General, ("Plaintiff") duly swear and say, as to the claims asserted under the federal securities laws, that:

1.     I have reviewed the complaint styled, City of Boca Raton General Employees' Pension Plan v. Harman International Industries; Inc., et al and authorize the filing of a substantially similar complaint on my behalf.

2.     Boca Raton General did not purchase the securities, exercise options or enter into any agreement that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.     Boca Raton General is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.     Boca Raton General purchased shares in Harman International Industries, which company is the subject of this action, during the Class Period as follows:

| Acquisition Date | Number of Shares | Price Per Share |
| --- | --- | --- |
| 5/11/2007 | 100 | 119.61 |
| 5/21/2007 | 100 | 118.40 |
| 5/30/2007 | 100 | 117.98 |
| 6/7/2007 | 100 | 117.85 |
| 6/25/2007 | 100 | 116.54 |
| 7/5/2007 | 100 | 116.64 |
| 7/31/2007 | 200 | 116.47 |
| 8/8/2007 | 100 | 116.94 |
| 8/16/2007 | 200 | 111.35 |
| 8/24/2007 | 100 | 113.95 |

| | | |
|---|---|---|
| 9/4/2007 | 300 | 113.17 |
| 9/12/2007 | 400 | 112.96 |
| 9/20/2007 | 200 | 112.18 |

5.    As of this date Boca Raton General has not sold any of its shares.

6.    Boca Raton General has served as a class representative in *In re Sara Lee Litigation,* No. 03cv3203 (N.D.IL). Boca Raton General has not served, nor sought to serve, as a class representative in any federal securities fraud cases in the last three years.

7.    Boca Raton General will not accept any payment for serving as a representative party on behalf of the class beyond the plaintiff's pro rata share of any recovery, or as ordered or approved by the Court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27 day of November, 2007.

Linda Davidson, Chairwoman
City of Boca Raton General Employees' Pension Plan

Signature

Telephone No. 561.393.7737

# Exhibit B

Boca Raton General Employees' Pension Plan: Losses in Harman International Industries, Inc.
Class Period: 4/26/2007 – 9/24/2007

Share held at the start of Class Period:            0

| Transaction | Date | Amount | Price | 90 Day Mean Trading Price | Loss |
|---|---|---|---|---|---|
| BUY | 5/11/2007 | 100 | $119.6142 | $81.20 | $3,841.42 |
| BUY | 5/21/2007 | 100 | $118.4044 | $81.20 | $3,720.44 |
| BUY | 5/30/2007 | 100 | $117.9775 | $81.20 | $3,677.75 |
| BUY | 6/7/2007 | 100 | $117.8513 | $81.20 | $3,665.13 |
| BUY | 6/25/2007 | 100 | $116.5392 | $81.20 | $3,533.92 |
| BUY | 7/5/2007 | 100 | $116.6405 | $81.20 | $3,544.05 |
| BUY | 7/31/2007 | 200 | $116.4743 | $81.20 | $7,054.86 |
| BUY | 8/8/2007 | 100 | $116.9379 | $81.20 | $3,573.79 |
| BUY | 8/16/2007 | 200 | $111.3481 | $81.20 | $6,029.62 |
| BUY | 8/24/2007 | 100 | $113.9508 | $81.20 | $3,275.08 |
| BUY | 9/4/2007 | 300 | $113.1650 | $81.20 | $9,589.50 |
| BUY | 9/12/2007 | 400 | $112.9617 | $81.20 | $12,704.68 |
| BUY | 9/20/2007 | 200 | $112.1760 | $81.20 | $6,195.20 |

Shares held at the end of the class period: 2,200          **Total Loss:**          **$70,405.44**

# Exhibit C

Yahoo! My Yahoo! Mail                    Search: [                    ] [Web Search]

**YAHOO! FINANCE**    **Sign In**    Finance Home - Help                    **Business Wire**
New User? Sign Up

**Welcome [Sign In]**                    To track stocks & more, Register

**Financial News**

Enter symbol(s) [          ] [Basic] [Get]  Symbol Lookup

**Press Release**                    Source: Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

# Cohen, Milstein, Hausfeld & Toll, P.L.L.C. Announces Class Action Lawsuit Against Harman International Industries Inc.

Monday October 1, 7:06 pm ET

WASHINGTON--(BUSINESS WIRE)--The law firm Cohen, Milstein, Hausfeld & Toll, P.L.L.C. has filed a lawsuit in the United States District Court for the District of Columbia on behalf of its client and on behalf of other similarly situated purchasers of Harman International Industries, Inc. ("Harman" or the "Company") (NYSE:HAR - News) common stock between April 26, 2007 through and including September 24, 2007 (the "Class Period").

The complaint charges Harman and several of its officers and directors with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). It is alleged that defendants omitted or misrepresented material adverse facts about the Company's financial condition, business prospects, and revenue expectations during the Class Period. Harman claims to be a leading manufacturer of high-quality, high fidelity audio products and electronic systems for the automotive, consumer and professional markets in the Americas, Europe, and Asia. The Company operates under the brands names Harman Kardon, JBL, Revel, Mark Levinson, Infinity, Lexicon, Soundcraft-Studer, AKG, Becker, and QNX, and is traded on the New York Stock Exchange.

The complaint alleges that on April 26, 2007, the Company announced that it had entered into a contract in which two investment funds affiliated or sponsored by private investment companies, Kohlberg Kravis Roberts & Co. L.P. ("KKR") and GS Capital Partners VI Fund, L.P. ("GSCP") (KKR and GSCP are collectively referred to as the "Purchasing Companies" herein), would merge with Harman (the "Merger"). According to the complaint, the Merger was valued at approximately eight billion dollars ($8,000,000,000).

Specifically, the complaint alleges that, during the Class Period, defendants issued numerous materially false and misleading statements which caused Harman's securities to trade at artificially inflated prices. As alleged in the complaint, these statements were materially false and misleading because they misrepresented and failed to disclose that: (1) the Company had breached the Merger agreement with KKR and GSCP and thus placed the Merger in serious doubt; (2) the Company needed to sustain higher research and development ("R&D") costs primarily related to its automotive platform awards; (3) the Company's inventory was greater than disclosed and was negatively impacting its cash flows; (4) its relationship with Daimler-Chrysler had materially worsened; (5) a material adverse change in Harman's business had occurred which related to capital spending; (6) the Company's financial health had generally deteriorated; and (7) as a result of the foregoing, the Company's statements about its financial well-being, earnings, and future prospects were lacking in a reasonable basis when made.

According to the complaint, on September 21, 2007, the Company shocked the market and announced that the Purchasing Companies "no longer intend to complete the previously announced acquisition . . . KKR and GSCP have informed Harman that they believe that a material adverse change in Harman's business has occurred, that Harman has breached the merger agreement and that they are not obligated to complete the merger." The complaint alleges that this news caused the Company's share price to fall from a closing price of $112.25 on September 20, 2007, to close at $85.00 on September 21, 2007, on unusually heavy volume. Then, on September 24, 2007, the complaint alleges that the Company announced that it would fail to meet its financial guidance for the quarter ended September 30, 2007, and needed to significantly reduce its estimates for the FY 2008. According to the complaint, this news caused the Company's share price to fall to $80.31 on extremely high volume of over 14.5 million shares.

If you are a member of the class, you may, no later than November 30, 2007, request that the Court appoint you as Lead Plaintiff of the class. Any member of the purported class may move the Court to serve as Lead Plaintiff through

counsel of their choice or may choose to remain an absent class member.

Cohen, Milstein, Hausfeld & Toll, P.L.L.C. has significant experience in prosecuting investor class actions and actions involving securities fraud. The firm has offices in Washington, D.C., New York, Philadelphia, Chicago, San Francisco, and London, and is active in major litigation pending in federal and state courts throughout the nation. You may visit the firm's website at www.cmht.com.

The firm's reputation for excellence has been recognized on repeated occasions by courts which have appointed the firm to lead positions in complex multi-district or consolidated litigation. Cohen, Milstein, Hausfeld & Toll, P.L.L.C. has taken a lead role in numerous important cases on behalf of defrauded investors, and has been responsible for a number of outstanding recoveries which, in the aggregate, total in the billions of dollars.

If you have any questions about this notice or the action, or with regard to your rights, please contact either of the following:

```
Steven J. Toll, Esq.
Robert Smits
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone: (868) 240-0775 or (202) 408-4600
Email: stoll@cmht.com or rsmits@cmht.com
```

*Contact:*

```
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Steven J. Toll, Esq.
888-240-0775 or 202-408-4600
stoll@cmht.com
or
Robert Smits
888-240-0775 or 202-408-4600
rsmits@cmht.com
```

Source: Cohen, Milstein, Hausfeld & Toll, P.L.L.C.

Copyright © 2007 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2007 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials by posting, archiving in a public web site or database, or redistribution in a computer network is strictly forbidden.

Exhibit D



## FIRM BIOGRAPHY

Mager & Goldstein LLP is a highly experienced class action litigation firm with offices in Pennsylvania, Florida and Arizona. In 1992, Carol Mager, together with two other experienced female trial attorneys, formed a firm concentrating on complex commercial class action litigation, partnering with Jayne Goldstein in 2000. Today, Mager & Goldstein LLP is a majority female owned firm led by its partners, Carol A. Mager, Jayne A. Goldstein and Lee Albert. The firm concentrates its practice in the areas of complex commercial litigation with a particular emphasis on securities, antitrust, consumer protection, employment, and ERISA class actions, as well as labor and employment advice. Mager & Goldstein LLP is committed, first and foremost, to the representation of its clients with the highest levels of excellence and integrity. The firm's attorneys have participated in the recovery of billions of dollars on behalf of individuals and institutions throughout the country.

1

### MAGER & GOLDSTEIN LLP
### AREAS OF PRACTICE

<u>**SECURITIES:**</u>

The firm has been actively involved in the litigation of securities cases involving causes of action for securities fraud, breach of fiduciary duty, and shareholder derivative claims. Currently, the firm is co-lead counsel and chair of the executive committee in: *In re Sara Lee Corporation Securities Litigation* (N.D.Ill., E.Div.). In addition, the firm or firms in which Mager & Goldstein's partners were principals have been or are currently actively litigating the following: *In re Lucent Technologies, Inc. Securities Litigation* (D.N.J.); *In re Independent Energy Holdings PLC Securities Litigation* (S.D.N.Y.); *In re Sunbeam Securities Litigation* (S.D.Fla.)(trial preparation team); *In re McKesson HBOC, Inc. Securities Litigation* (N.D.Cal.); *In re Worldcom, Inc. Securities Litigation* (S.D.N.Y.); *In re OM Group, Inc. Securities Litigation* (N.D.Oh.); *In re Broadcom Corp. Securities Litigation* (C.D.Cal. S.Div.); *In re Initial Public Offering Securities Litigation* (S.D.N.Y.); *In re Mattel Securities Litigation* (C.D.Cal.); *In re AOL Time Warner, Inc. Securities Litigation* (S.D.N.Y.); *In re Merck & Co., Inc. Securities Litigation* (D.N.J.); *In re Bristol Meyers Squibb Securities Litigation* (S.D.N.Y.); *In re Nortel Networks Corp. Securities Litigation* (S.D.N.Y.); *In re Nortel II Networks Corp. Securities Litigation* (S.D.N.Y); *In re Sportsline.com Securities Litigation* (S.D.Fla.); *In re Mutual Fund Investment Litigation* (D.Md.); *In re Motorola Securities Litigation* (N.D. Ill. E.Div.); *In re Taser Securities Litigation* (D.Az.); *In re Adecco Securities Litigation* (S.D.Cal.); *In re Cree Securities Litigation* (M.D.N.C.); *In re Spear & Jackson Securities Litigation* (S.D.Fla.); *In re Miva, Inc. Securities Litigation* (M.D.Fla.); *In re Mastec Securities Litigation* (S.D.Fla.); *In re Stonepath Group, Inc. Securites Litigation* (E.D.Pa.); *Sloane*

2

*Equity Partners, LLP v. Odimo Inc., et al.* (17th Judicial Circuit Broward County, Fla.); *In re Chiron Shareholder Deal Litigation* (Super.Ct. of Cal., Alameda Cty.); *In re Dana Corporation Securities Litigation* (N.D.Oh., W.Div.); *In re Refco Securities Litigation* (S.D.N.Y.); *In re Discovery Laboratories Securities Litigation* (E.D.Pa.); *In re Par Pharmaceutical Securities Litigation* (D.N.J.).

## ANTITRUST:

The firm or firms in which Mager & Goldstein's partners were principals have been or are currently actively litigating a number of plaintiffs' class action antitrust cases including: *In re Plavix Indirect Purchaser Antitrust Litigation* (S.D.Oh.)(Executive Committee); *In re Buspirone Antitrust Litigation* (S.D.N.Y.)(Chair Third Party Discovery), *In re K-Dur Antitrust Litigation* (D.N.J.)(Co-Chair Discovery); *Ryan-House v. GlaxoSmithKline*, PLC (E.D.Va.)(Co-Chair Third Party Discovery); *Behrend v. Comcast Corp.* (E.D. Pa.); *Kristian v. Comcast Corp.* (D.Mass.); *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y.); *In re Air Passenger Services Antitrust Litigation* (E.D.Pa.); *In re Insurance Brokerage Antitrust Litigation* (D.N.J.); *In re OSB Antitrust Litigation* (E.D.Pa.).; *In re Pulse Oximetry Antitrust Litigation* (C.D.Cal.); *In re Remeron Antitrust Litigation* (D.N.J.); *In re Relafen Antitrust Litigation* (D.Mass.); *In re Pharmaceutical Industry Average Wholesale Price Litigation* (D.Mass.); *In re Neurontin Antitrust Litigation* (D.N.J.); *In re Wellbutrin SR Antitrust Litigation* (E.D.Pa.); *In re Tamoxifen Citrate Antitrust Litigation* (E.D.N.Y.); *In re Compact Disc Antitrust Litigation* (C.D.Calif.); *In re Currency Conversion Fee Antitrust Litigation* (S.D.N.Y.)(Third Party Discovery); *In re Canadian Car Antitrust Litigation* (D.Me); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (E.D.N.Y.); *In re ATM Fee Antitrust Litigation* (N.D. Cal.); *In re Monosodium Glutamate*

*Antitrust Litigation* (D.Minn.); *In re DRAM Antitrust Litigation* (N.D.Cal.); *In re Vitamins Antitrust Litigation* (D.D.C.); *In re High Pressure Laminate Antitrust Litigation* (S.D.N.Y.); *Sample v. Monsanto Company* (E.D.Mo.); *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites* (C.D.Cal.); *In re Polyester Staple Antitrust Litigation* (W.D.N.C.); *In re Automotive Refinishing Paint Antitrust Litigation* (E.D.Pa.); *In re Resident Physicians Antitrust Litigation* (D.D.C.); *Bellevue Drug Co. v. Advance PCS* (E.D.Pa.); *Brady Enterprises, Inc. v. Medco Health Solutions, Inc.* (E.D.Pa.); *In re Sulfuric Acid Antitrust Litigation* (N.D. Ill.); *In re High Fructose Corn Syrup Antitrust Litigation* (C.D.Ill.); *In re Freddie Mac and Fannie Mae Antitrust Litigation* (D.D.C.); *In re Intel Corporation Microprocessor Antitrust Litigation* (D.Del.); *In re Elevator Antitrust Litigation* (E.D.N.Y.); *McDonough, et al. v. Toys "R" Us, Inc., et al.,* (E.D.Pa.); *In re Metroprolol Succinate End-Payor Antitrust Litigation (U.S.Del.); In re Vitamin C Antitrust Litigation* (E.D.N.Y.); *In re Aspartame Antitrust Litigation* (E.D.Pa.).

**UNFAIR TRADE PRACTICE/CONSUMER PROTECTION:**

The firm or firms in which Mager and Goldstein's partners were principals have been or are currently actively involved in the prosecution of numerous consumer protection cases nationwide, in both state and federal courts. The firm's attorneys have served in leadership roles in many of these cases, including: *O'Connell v. Microsoft Corporation* (Mass. Super. Ct., Middlesex County)(Co-Lead Counsel); *Geracitano v. Microsoft Corp.* (N.J. Super. Ct., Bur. County); *Robert Hoffman d/b/a Hoffman's Tennis v. Nova Information Systems, Inc.*; (Fulton Cty, GA)(Co-Lead Counsel); *Miriam Schvom v. M&M Recovery, Inc.* (E.D.Pa.)(Co-Lead Counsel); *In re Universal Service Fund Telephone Billing Practices Litigation* (D. Kan.); *Mezori v. Rick Case Cars, Inc. d/b/a Rick Case Honda* and *Stephen Crane v. Rick Case Cars Inc., d/b/a Rick Case Hyundai*

4

(17th Judicial Circuit Broward County Fla)(lead counsel); *Grimson v. Sprint* (15th Judicial

Circuit Palm Beach County Fla)(co-lead counsel); *In re Wireless Telephone Federal*

*Cost Recovery Fees Litigation* (W.D. Mo.); *Graber v. AT&T Wireless* (15th Judicial

Circuit Palm Beach County Fla)(co-lead counsel); *Pickering v. Cingular Wireless LLC*

(15th Judicial Circuit Palm Beach County Fla)(co-lead counsel); *Hellman v. T-Mobile*

(15th Judicial Circuit Palm Beach County Fla)(co-lead counsel); *Carver Ranches*

*Washington Park v. Nextel Communications, Inc.* (15th Judicial Circuit Palm Beach

County Fla)(co-lead counsel); *Brown v. Verizon Wireless Services, LLC* (15th Judicial

Circuit Palm Beach County Fla)(co-lead counsel); *Molfetas v. Sprint Spectrum L.P., et al.*

(15th Judicial Circuit Palm Beach County Fla)(co-lead counsel); *Stainsafe, Inc.,* Class

Arbitration (AAA).

## EMPLOYMENT DISCRIMINATION AND ERISA:

The firm or firms in which Mager and Goldstein's partners were principals have

been or are currently actively involved in the prosecution of numerous employment

discrimination class actions in both state and federal courts. The firm's attorneys have

served in leadership roles in each of these cases: *Crespo, et al. v. Citizens Financial*

*Group, Inc.,* C.A. No. 06-00344 (E.D.Pa.) (ADEA representative action representing

plaintiffs); *Donaldson, et al. v. Exelon Corporation, et al.,* CA No. 05-1542 (E.D.Pa.)

(race discrimination putative class action, representing plaintiffs); *Koebert, et al. v.*

*PECO Energy Co., et al.,* Philadelphia Court of Common Pleas, June Term 2004 No.

0266 (Pa Wage Payment and Collection Law and Compensation class action, represented

plaintiffs) *Huber, et al. v. Taylor, et al.,* CA No. 02-0304 (W.D.Pa.) (legal malpractice

and breach of fiduciary duty putative class action represented plaintiffs); *Kaminski, et al.*

*v. First Union Corp.,* CA Nos. 98-1623 (E.D.Pa.) (representative age discrimination

action, represented almost 200 opt-in plaintiffs); *Osgood v. Harrah's Entertainment, Inc., et al.,* CA No. 00-CV-284 (employment discrimination class action, represented plaintiffs); *Rudolph v. Tropicana Casino & Resort,* CA No. 00-CV-190 (employment discrimination class action litigation, represented plaintiffs); *Feret, et al. v. First Union Corporation,* CA No. 97-6759 (E.D.Pa.) (ERISA class action, represented plaintiffs); *Bunnion v. Conrail, et. al.,* 1998 WL 372644 (E.D.Pa.) (ERISA and ADEA class action, represented plaintiffs). Additional experience includes *Williams v. HBE Corp.,* CA No. 98-2241 (E.D.Pa.) (employment discrimination class action, represented defendant); *Johnson v. Pullman-Standard,* 3-91-0471 (D.Minn.) (ERISA class action, represented defendant), *Dept. of Public Welfare v. The Budd - UAW Consolidated Plan,* No. 92-1272 (E.D.Pa. 1991) (represented defendant); *Murphy v. The Employee Pension Plan of the Fidelity Mutual Life Insurance Co.,* No. 92-6483 (E.D.Pa. 1993) (ERISA class action, represented one certified named plaintiff); and *Nedd (Abromovage) v. United Mine Workers,* 726 F.2d 972 (3d Cir. 1984) (pre-ERISA pension plan class action, represented defendant).

## THE FIRM'S ATTORNEYS

**CAROL A. MAGER** is a class action, employment discrimination and ERISA litigator. Her practice includes employment discrimination, civil rights, ERISA and complex commercial class actions, including antitrust and securities litigation. She also has an active practice as an arbitrator and mediator of employment and commercial disputes and as an advisor on matters of employment and education law. After serving as a partner, and practice group co-chair of two large Philadelphia defense firms, in 1992 Ms. Mager co-founded an all female litigation and labor law boutique firm. Today, Mager & Goldstein remains a majority female owned law firm.

Ms. Mager is a 1973 graduate of the University of Pennsylvania Law School and holds a B.A. with distinction, and honors in American Studies, from the University of Michigan. She was a partner and co-chair of the Labor and Employment Group of the Litigation Department at Ballard Spahr Andrews & Ingersoll in Philadelphia from 1988 to 1992. She practiced at Montgomery, McCracken, Walker & Rhoads in Philadelphia as a partner in the Labor and Employment Department from 1980 to 1988, eventually serving as vice-chair, and before that, as an associate from 1973 to 1980. Ms. Mager is an elected Fellow of the College of Labor and Employment Lawyers (1997 -). In polls of Pennsylvania lawyers and judges conducted by Law and Politics and *Philadelphia Magazine*, Ms. Mager was chosen as a Pennsylvania Super Lawyer for 2004-06 as well as a TOP 50 Female Pennsylvania Lawyer. She was also named by American Lawyer Media/*The Legal Intelligencer* as one of 56 Leading Female Pennsylvania Lawyers and specifically recognized as a leading employment litigator and included in The Best Lawyers in America, 2005-07. She is a Master of the Bench of the University of Pennsylvania Law School American Inn of Court. She has served the American Bar Association Litigation Section as its Director of Divisions, Co-Chair of the Labor and Employment Committee, Chair of the Long Range Planning Committee, and Co-Chair of its Task Forces concerning the State of the Justice System, the Judiciary, Strategy Implementation, Long Range Planning, Ethics in Settlement Negotiations, and Effectiveness of Arbitration. She is a former chair of the Philadelphia Bar Association Labor and Employment Committee. By appointment of the Board of Judges of the Philadelphia Court of Common Pleas, Ms. Mager has served as a Judge Pro Tem of that Court. She also served on the Court appointed mediation panel of the United States District Court for the Eastern District of Pennsylvania. Ms. Mager is an active member of the American Arbitration Association employment and commercial litigation panels and serves as a privately appointed arbitrator and mediator. She served as Special Discovery Master in *Velez, et al. v. QVC, Inc.*, U.S.D.C., E.D.Pa. Since September 2004, she has been a Visiting Professor at Haverford College teaching "The First Amendment and Workplace Harassment." She is admitted to the United States Supreme Court (1982); U.S. Court of Appeals Third Circuit (1977); U.S. District Court, Eastern and Middle Districts of Pennsylvania (1973-1974).

Representative cases:

- Prosecution and defense of employment, ERISA and fiduciary duty class and representative actions, all as sole or co-lead counsel, including: *Donaldson, et al. v. Exelon Corporation, et al.,* CA No. 05-1542 (E.D.Pa.) (race discrimination on behalf of white male employees, represented plaintiffs); *Crespo, et al. v. Citizens Financial Group, Inc., et al.,* CA No. 06-344 (E.D.Pa.) (representative age discrimination action); *Aaron, et al. v. Century Indemnity Company, et al.,* American Arbitration Association (severance pay claims of 82 former employees); *Koebert, et al. v. PECO Energy Company, et al.,* June Term, 2004, No. 266, Court of Common Pleas, Phila. County, PA (bonus compensation and Pa. Wage Payment & Collection Law action, represented plaintiffs); *Huber, et al. v. Taylor, et al.,* CA No. 02-0304 (W.D.Pa.) (legal malpractice and breach of fiduciary duty class action represented plaintiffs); *Kaminski, et al. v. First Union Corp.,* CA Nos. 98-1623 (E.D.Pa.) (representative age discrimination action, represented almost 200 opt-in plaintiffs); *Osgood, et al. v. Harrah's Entertainment, Inc., et al.,* CA No. 00-284 (D.NJ) (race discrimination on behalf of white employees, represented plaintiffs); *Rudolph v. Adamar of New Jersey, Inc.,* CA No. 00-190 (D.NJ) (race discrimination on behalf of white employees, represented plaintiffs); *Feret, et al. v. First Union Corporation,* CA No. 97-6759 (E.D.Pa.) (ERISA action, represented plaintiffs); *Royal v. Aramark and Moilan,* CA No. 97-6226 (E.D.Pa.) (race discrimination action, represented an individual defendant); *Williams v. HBE Corp.,* CA No. 98-2241 (E.D.Pa.) (race discrimination action, represented defendant); *Bunnion v. Conrail, et al.,* 1998 WL 372644 (E.D.Pa. 1998) (ERISA and ADEA action, represented plaintiffs); *Johnson v. Pullman-Standard,* 3-91-0471 (D.Minn.) (ERISA action, represented defendant); *Dept. of Public Welfare v. The Budd - UAW Consolidated Plan,* No. 92-1272 (E.D.Pa. 1991, represented defendant); *Murphy v. The Employee Pension Plan of the Fidelity Mutual Life Insurance Co.,* No. 92-6483 (E.D.Pa. 1993) (ERISA action, represented plaintiffs); and *Nedd (Abromovage) v. United Mine Workers,* 726 F.2d 972 (3d Cir. 1984) (pre-ERISA pension action, represented defendant);

- Participation in prosecution of current antitrust class actions: plaintiffs' counsel teams: *In re Insurance Brokerage Antitrust Litigation* (D.N.J.); *Behrend v. Comcast Corp.* (E.D.Pa.); *In re ATM Fee Antitrust Litigation* (N.D.Cal.); *In re Pulse Oximetry Antitrust Litigation* (C.D.Cal.);

- Individual employment: representation of plaintiffs in individual actions brought under the various statutes prohibiting sex, race, age and disability employment discrimination against major corporations in the financial, pharmaceutical and healthcare sectors as well as representation of defendant corporations in the same business sectors, the not-for-profit sector and educational and critical care institutions; and

- Business tort: non-competition and business tort litigation, including injunction actions in the health care, financial and software development sectors.

Alternative Dispute Resolute Training:  Trained mediator for the U.S. District Court, Eastern District of Pennsylvania.  Member of the American Arbitration Association Commercial Panel since 1993, and Employment Panel.  Member of the American Arbitration Association U.S. Track and Field Associates Doping Panel; AAA Commercial Arbitrator II Training.

Community Activities:  Educational Policy Committee of Board of Trustees, University of the Arts (1986-    ); Student Affairs Committee of the Board of Trustees, Neumann College (2005-    ); Former Board Member:  Committee of Seventy; Philadelphia Girl Scouts of Greater Philadelphia; Girl's Coalition: Philadelphia YWCA of Philadelphia; Women's Bail Fund; The Pomfret School, Connecticut; Belmont/Einstein Medical Center, Philadelphia.

Publications:  <u>Survey on Arbitration Satisfaction,</u> 2003, ABA Litigation Section, co-author; <u>Ethics Guidelines for Settlement Negotiations,</u> 2002, ABA Litigation Section, co-author; Trial Evidence in The Federal Courts, ALI-ABA, 2001, lecturer; <u>Model Jury Instructions Employment Litigation,</u> ABA contributing editor.

**JAYNE ARNOLD GOLDSTEIN,** a founding partner of the firm, represents clients in all types of commercial litigation including:  complex litigation, violations of federal and state antitrust and securities laws, unfair and deceptive trade practices, employment law, and trusts and estates.  Ms. Goldstein had a principal role in litigating *In re Sunbeam Securities Litigation* case before Judge Middlebrooks in the United States District Court for the Southern District of Florida, including pretrial proceedings and as a member of the trial team. The *Sunbeam* case settled on the eve of trial for over $130 million.  Currently, Ms. Goldstein is serving as Co-Lead Counsel and Chair of the Executive Committee in *In re Sara Lee Corporation Securities Litigation* in the Northern District of Illinois.  Ms. Goldstein was named as a Pennsylvania Super Lawyer in 2007. Ms. Goldstein, is currently or was involved in litigating the following cases:

- *In re Sara Lee Securities Litigation* (N.D.Ill.)(Co-Lead Counsel, Chair Executive Committee)
- *In re Plavix Indirect Purchaser Antitrust Litigation* (S.D.Oh.)(Executive Committee)
- *In re Chiron Shareholder Deal Litigation* (Super.Ct. of Cal., Alameda Cty.)
- *In re ATM Fee Antitrust Litigation* (N.D.Cal.)
- *In re Insurance Brokerage Antitrust Litigation* (MDL No. 1663) (D.N.J.)
- *McDonough, et al. v. Toys "R" Us, Inc., et al.,* (E.D.Pa.)
- *In re OSB Antitrust Litigation* (E.D.Pa.).
- *In re Air Cargo Shipping Services Antitrust Litig.* (E.D.Pa.)
- *In re Sunbeam Securities Litigation* (S.D.Fla.)(Trial Preparation Team)
- *In re Metroprolol Succinate End-Payor Antitrust Litigation* (U.S.Del.)

9

- *In re Vitamin C Antitrust Litigation* (E.D.N.Y.)
- *In re Dana Corporation Securities Litigation* (N.D.Oh., W.Div.)
- *In re Refco Securities Litigation* (S.D.N.Y.)
- *In re Microsoft Corporation Massachusetts Consumer Protection Litigation* (Mass. Super. Ct., Middlesex County)
- *Stainsafe, Inc.*, Class Arbitration (AAA)
- *Mezori v. Rick Case Honda* (17th Judicial Circuit, Broward County, Fla.) (Lead Counsel)
- *Grimson v. Sprint Corp.* (15th Judicial Circuit, Palm Beach County, Fla.) (Co-Lead Counsel)
- *Kaminski v. Wachovia* (E.D.Pa.) (Trial Preparation and Deposition Team)
- *Robert Hoffman d/b/a Hoffman's Tennis v. Nova Information Systems, Inc.* (Fulton Cty, GA)
- *In re Wireless Telephone Federal Cost Recovery Fees Litigation* (W.D.Mo.)
- *In re Motorola Securities Litigation* (N.D.Ill.)
- *Hellman v. T-Mobile* (15th Judicial Circuit, Palm Beach County, Fla.)(Co-Lead Counsel)
- *Graber v. AT&T* (15th Judicial Circuit, Palm Beach County, Fla.)(Co-Lead Counsel)
- *Carver Ranches v. Nextel* (15th Judicial Circuit, Palm Beach County, Fla.)(Co-Lead Counsel)
- *Brown v. Verizon* (15th Judicial Circuit, Palm Beach County, Fla.)(Co-Lead Counsel)
- *Molfetas v. Sprint Spectrum L.P. and Wirelessco, L.P.* (15th Judicial Circuit, Palm Beach County, Fla.)(Co-Lead Counsel)

Prior to joining the firm, Ms. Goldstein had a wide ranging general practice in Philadelphia, Pennsylvania. During that time, Ms. Goldstein tried numerous private civil cases, including complex medical malpractice actions. Ms. Goldstein's litigation expertise has served her and the firm's clients well in her current complex commercial litigation practice.

Ms. Goldstein, a registered nurse, received her Juris Doctorate from Temple University in 1986 and received her Bachelor of Science (highest honors) from Philadelphia College of Textiles and Science. Ms. Goldstein is admitted to practice in Pennsylvania, Florida and the United States District Courts for the Eastern District of Pennsylvania, Middle and Southern Districts of Florida and the United States Courts of Appeals for the Third and Eleventh Circuits. Ms. Goldstein is also a member of the Florida Trial Attorneys, Broward Women's Lawyers Association, the Supreme Court Historical Society, the Florida Public Pension Trustees Association, and serves on the Consumer Committee of the National Association of Shareholder and Consumer Attorneys.

**LEE ALBERT**, a partner in the firm, represents clients in all types of commercial litigation including: complex litigation, violations of federal and state antitrust and securities laws, breach of contract, general commercial litigation, mass tort/product liability and other unfair and deceptive trade practices. Mr. Albert has litigated cases obtaining injunctive relief on behalf of a national health care provider (*Prison Health System v. Umar and Correctional Medical Care*, (E.D.Pa)), and obtaining injunctive relief on behalf of an undergraduate university. Moreover, Mr. Albert is currently or was involved in the following cases:

- *In re Canadian Car Antitrust Litigation* (D.Me.)
- *In re Sara Lee Securities Litigation* (N.D.Ill.)
- *In re ATM Fee Antitrust Litigation* (N.D.Cal.)
- *In re Insurance Brokerage Antitrust Litigation* (MDL No. 1663) (D.N.J.)
- *In re Ortho Evra Birth Control Patch Litigation* (N.J. Super.Ct., Middlesex County)
- *In re Human Tissue Products Liability Litigation* (D.N.J.)
- *McDonough, et al. v. Toys "R" Us, Inc., et al.*, (E.D.Pa.)
- *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (E.D.N.Y.)
- *In re Broadcom Securities Litigation* (C.D.Cal.)
- *In re AOL Time Warner, Inc. Securities Litigation* (S.D.N.Y.)
- *In re Microsoft Corporation Massachusetts Consumer Protection Litigation* (Mass. Super. Ct., Middlesex Cty.)
- *In re OM Group Securities Litigation* (N.D.Ohio)
- *Schvom v. M&M Recovery, Inc.* (E.D.Pa.)
- *Grimson v. Sprint Corp.* (15th Judicial Circuit, Palm Beach County, Fla.)
- *In re Wireless Telephone Federal Cost Recovery Fees Litigation* (W.D.Mo.)
- *In re WorldCom, Inc. Securities Litigation* (S.D.N.Y.)
- *Various commercial matters*

Mr. Albert has extensive litigation and appellate practice experience having argued before the Supreme and Superior Courts of Pennsylvania on multiple occasions. Mr. Albert has over fifteen years of trial experience in both jury and non-jury cases as well as in a substantial number of arbitrations.

Mr. Albert received his Juris Doctorate from Widener University in 1986, Master of Science from Beaver College in 1980 and his Bachelor of Science from Temple University in 1975. Mr. Albert is admitted to practice in Pennsylvania, New Jersey and the United States District Courts for the Eastern District of Pennsylvania and District of New Jersey. Mr. Albert is active in local politics and has served as his political party's representative as Municipal Chair of Whitemarsh Township, PA.

**MARJORY P. ALBEE**, an associate at the firm, represents clients in a wide variety of employment matters as well as complex commercial litigation, including: Employment Discrimination, ERISA, Business Torts, Consumer Fraud, Antitrust and Securities Fraud. Ms. Albee has litigated employment discrimination and ERISA cases

on behalf of both individual and class plaintiffs as well as corporate defendants, including a prominent university, a major financial institution and various other commercial enterprises. Ms. Albee has also counseled businesses, non-profit organizations and individuals regarding a wide range of employment law matters. Moreover, Ms. Albee is currently or was involved in the following class action litigation:

- *In re OSB Antitrust Litigation* (E.D.Pa.)
- *Donaldson et al. v. Exelon* (E.D.Pa)
- *Crespo, et al. v. Citizens Financial Group, Inc., et al.,* (E.D.Pa.)
- *ACE* severance pay arbitrations (Phila.)
- *In re Insurance Brokerage Antitrust Litigation* (MDL No. 1663) (D.N.J.)
- *In re Sara Lee Securities Litigation* (N.D.Ill.)
- *Kaminski et al. v. Wachovia* (E.D.Pa)
- *Huber et al. v. Taylor* (M.D.Pa.)
- *In re Microsoft Corporation Massachusetts Consumer Protection Litigation* (Mass. Super Ct., Middlesex Cty.)
- *In re Sunbeam Securities Litigation* (S.D. Fla.)
- *Oliveira v. Amoco Oil* (Ill. Cir. Ct., 6th Judicial District)
- *Dersovitz v. BMW of North America* (Super Ct. of N.J., Bergen Cty)

Prior to joining the firm, Ms. Albee gained extensive litigation experience as an associate at a large Philadelphia law firm and later as Director and Associate General Counsel for a prominent corporation where she was responsible for nationwide litigation matters.

Ms. Albee received her Juris Doctorate from Temple University in 1978 and received her Bachelor of Arts (cum laude) from Connecticut College in 1974. Ms. Albee is admitted to practice in Pennsylvania and the United States District Court for the Eastern District of Pennsylvania. Ms. Albee is a member of the Pennsylvania Bar Association.

**BRUCE D. PARKE**, an associate at the firm, represents clients in complex commercial litigation, including: securities, antitrust and consumer protection. Mr. Parke is currently or was involved in the following cases:

- *In re Insurance Brokerage Antitrust Litigation* (MDL No. 1663) (D.N.J.)
- *McDonough, et al. v. Toys "R" Us, Inc., et al.,* (E.D. Pa.)
- *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (E.D.N.Y.)
- *In re ATM Fee Antitrust Litigation* (N.D.Cal.)
- *In re Sara Lee Corporation Securities Litigation* (N.D.Ill.)
- *In re Pulse Oximetry Antitrust Litigation* (C.D.Cal.)
- *In re Automotive Refinish Paint Antitrust Litigation* (E.D.Pa) (deposition prep. team)
- *In re Motorola Securities Litigation* (N.D.Ill.)
- *In re McKesson HBOC, Inc. Securities Litigation* (N.D.Cal.)

- *In re AOL Time Warner, Inc. Securities & "ERISA" Litigation* (S.D.N.Y.)
- *In re Broadcom Corporation Securities Litigation* (C.D.Cal.)
- *In re Remeron Antitrust Litigation* (D.N.J.)

Mr. Parke received his Juris Doctorate from the Dickinson School of Law of the Pennsylvania State University in 2002. In 1999, he received a Bachelor of Science (Administration of Justice) from Pennsylvania State University. Mr. Parke is admitted in Pennsylvania and the United States District Court for the Eastern District of Pennsylvania and is a member of the Pennsylvania Bar Association.

**JAY M. DONOHUE**, an associate at the firm, represents clients in complex commercial litigation, including: ERISA and employment discrimination law, consumer protection, antitrust, and securities. Mr. Donohue is currently or was involved in the following cases:

- *In re Canadian Car Antitrust Litigation* (D.Me.)
- *In re Insurance Brokerage Antitrust Litigation* (MDL No. 1663) (D.N.J.)
- *Donaldson, et al. v. Exelon Corporation, et al.* (E.D.Pa.) – company-wide class race discrimination action
- *ACE* severance pay arbitrations (Phila.)
- *Stainsafe, Inc.*, Class Arbitration
- *In re Sara Lee Corporation Securities Litigation* (N.D. Ill.)
- *In re Ortho Evra Birth Control Patch Litigation* (N.J. Super.Ct., Middlesex County)
- *In re Human Tissue Products Liability Litigation* (D.N.J.)

Mr. Donohue received his Juris Doctorate from California Western School of Law in 2005. In 1999 Mr. Donohue received a Bachelor of Arts from the University of Colorado at Boulder. Mr. Donohue is admitted in Colorado and Minnesota and is a member of the Denver and Colorado Bar Associations.

**ANDREW L. MACKERER**, an associate at the firm, represents clients in complex commercial litigation, including: securities, antitrust and consumer protection. Mr. Mackerer is currently or was involved in the following cases:

- *In re Insurance Brokerage Antitrust Litigation* (MDL No. 1663) (D.N.J.)
- *In re Pulse Oximetry Antitrust Litigation* (C.D.Cal.)
- *Donaldson, et al. v. Exelon Corporation, et al.* (E.D.Pa.) – company-wide class race discrimination action
- *In re Sara Lee Corporation Securities Litigation* (N.D. Ill.)
- *In re Chiron Shareholder Deal Litigation* (Super. Ct. of Cal., Alameda Cty.)

Mr. Mackerer received his Juris Doctorate from Temple University, Beasley School of Law in 2005. In 2002, he received a Bachelor of Science from Cornell University. Mr. Mackerer is admitted to practice in Pennsylvania and New Jersey.

**MICHELE L. BLOOM,** an associate at the firm, represents clients in complex commercial litigation, including: securities, antitrust and consumer protection. Ms. Bloom is currently involved in the following cases:

- *In re OSB Antitrust Litigation* (E.D.Pa.)
- *Stainsafe, Inc., Class Arbitration (AAA)*
- *McDonough, et al. v. Toys "R" Us, Inc., et al.,* (E.D.Pa.)
- *In re Static Random Access Memory (SRAM) Antitrust Litigation* (N.D.Ca.)

Ms. Bloom received her Juris Doctorate from Nova Southeastern University, Shepard Broad Law Center in 2005. In 1997, she received a Bachelor of Science from University of Maryland, College Park. Prior to joining the firm, Ms. Bloom gained litigation experience as an associate at an insurance defense firm and served as In-house Counsel for a securities brokerage firm. Ms. Bloom is admitted to practice in Florida, and is a member of the Florida Bar Association.

14

# Exhibit E

### STRAUS & BOIES, LLP

Founded in 1995, Straus & Boies, LLP is widely recognized as a premier law firm in the field of antitrust and consumer protection class action litigation. The firm also boasts an international reputation in the area of sovereign debt counseling, restructuring, and litigation.

With offices in Alabama, Virginia, California, New York, Tennessee, and Colorado, Straus & Boies has successfully prosecuted antitrust and consumer protection claims in federal and state courts throughout the United States. The firm represents numerous clients across the globe and has vast experience in complex multi-jurisdictional litigation. Consistently at the forefront of national and international litigation efforts pursuing price-fixing, consumer fraud, and other unlawful conduct, Straus & Boies has led the prosecution of antitrust and consumer protection claims in the markets for crude oil, bulk vitamins, brand-name prescription drugs, food additives, wholesale toys, polyester staple, and alcoholic beverages.

Specifically recognized by courts and law enforcement authorities throughout the United States as fair, competent, and experienced class counsel, Straus & Boies has successfully recovered hundreds of millions of dollars in damages for consumers and businesses. The firm has been appointed to serve in important leadership positions in numerous federal and state class actions, including recent service as Lead Counsel in coordinated multi-state indirect purchaser state class actions against the manufacturers of Dynamic Random Access Memory, Bulk vitamins and food additives.

Straus & Boies is also recognized as a leading law firm in the area of sovereign debt counseling and restructuring. The Firm has represented some of the largest sovereign debt holders in the world and has participated in numerous cabinet and sub-cabinet level international conferences, often as the sole private sector representative.

**The Firm's Attorneys**

*David Boies*

Mr. Boies is Senior Partner in the Virginia office of Straus & Boies. Mr. Boies obtained

his bachelors degree from the University of Redlands and his law degree from William & Mary

Law School. Prior to joining the Firm, Mr. Boies represented individuals and corporations as an

attorney in the Washington, D.C. offices of major New York law firms in the practice areas of

corporate litigation, international trade, and white collar criminal defense.

Mr. Boies' current practice is primarily focused on representing individuals and small

businesses in antitrust and consumer protection litigation in state and federal court. Mr. Boies is

admitted to practice in all state and federal courts in the Commonwealth of Virginia, as well as

the United States Courts of Appeals for the Fourth and Tenth Circuits. Mr. Boies has a national

reputation in the areas of indirect purchaser and state court antitrust litigation, and has served as

a speaker and panelist for the American Bar Association and other legal organizations. Mr.

Boies has served in court-appointed leadership positions in numerous antitrust and consumer

protection class actions, including recently serving as sole Lead Counsel in the largest recovery

ever achieved in an antitrust case in state court.

Mr. Boies resides in Fairfax, Virginia, with his wife and four children. He serves as an

active member, officer, and board member for numerous businesses, non-profit, and religious

organizations in the Washington, D.C. area.

*Michael Straus*

Mr. Straus was graduated from Columbia College (A.B. 1972), Columbia University

(M.A. 1975) and New York University School of Law (J.D. 1980, *cum laude*, Order of the Coif).

He is admitted to practice in both Alabama and New York, as well as before the United States

Supreme Court; the United States Courts of Appeals for the First, Second, Third, Seventh, Ninth, Tenth and Eleventh Circuits; all District Courts in Alabama; and the District Courts for the Northern, Southern and Eastern Districts of New York.

Mr. Straus clerked for the Honorable John R. Bartels, Senior United States District Judge for the Eastern District of New York from 1980-1981. He then worked at The Hague as Staff Counsel for the Iran-United States Claims Tribunal from 1981-1983, before entering private practice. Mr. Straus also served as an Adjunct Professor at the University of Alabama School of Law, teaching on transnational litigation issues.

### *Timothy D. Battin*

Mr. Battin, the managing partner at Straus & Boies, LLP, has vast experience in complex litigation. Mr. Battin has served as lead counsel in numerous multistate class action cases involving antitrust and consumer protection claims. In this capacity, he has appeared in class actions in state and federal courts around the country. Mr. Battin has litigated cases involving numerous industries, including pharmaceuticals, food additives, vitamins and computer-based products.

Mr. Battin obtained his bachelors degree from Old Dominion University in 1987 and his law degree from William & Mary Law School in 1990. He is a member of the bars of the District of Columbia, Virginia, and Missouri (inactive) and is also admitted to practice before the United States District Court for the Eastern District of Virginia, the United States District Court for the District of Columbia and the United States Court of Appeals, Fourth Circuit.

### Mark J. Schirmer

Mr. Schirmer obtained his bachelors degree from Macalester College (B.A. 1982, cum laude) and his law degree from Fordham University School of Law (J.D. 1988), where he was on the Law Review. Mr. Schirmer has prosecuted and defended professional organizations, financial institutions, businesses, and individuals in class actions, regulatory actions and private litigation arising under the antitrust laws, securities laws, commodities laws, consumer protection laws, copyright laws and common law. Mr. Schirmer has served as Senior Trial Attorney in the Eastern Regional office of the U.S. Commodity Futures Trading Commission and has served on a number of bar committees concerned with litigation involving financial professionals and financial litigation. He is admitted to the state bars of New York and Tennessee, the bars for the United States Courts of Appeals for the Sixth and Eleventh Circuits, and the bars of the United States District Courts for the Southern and Eastern Districts of New York, the Eastern District of Michigan and the Western District of Tennessee.

### Steven M. Feder

Mr. Feder obtained his bachelors degree from Miami University (Ohio) (B.S. 1982) and his law degree from the University of Colorado School of Law (J.D. 1985, Order of the Coif). He is admitted to practice in Colorado and Illinois, as well as before the United States Supreme Court, the United States Court of Appeals for the Tenth Circuit, and the United States District Courts for the Districts of Colorado and Connecticut. He served as a prosecutor in Colorado's Eighteenth Judicial District from 1985 to 1990, before entering private practice.

### *Matthew Maniscalco*

Mr. Maniscalco obtained his bachelors degree from Stanford University (B.A. Economics 1990) and his law degree from the University of California at Davis School of Law (J.D. 1995). He is admitted to practice in California, as well as the United States District Courts for the Northern, Eastern and Central Districts of California. He is also a member of the Antitrust Section of the California Bar.

### *Barry Boughman*

Mr. Boughman obtained his bachelors degree from the University of Northern Colorado (B.A. 1980) and his law degree from the University of Colorado School of Law (J.D. 1984). He is admitted to practice in Colorado as well as before the United States Court of Appeals for the Tenth Circuit and the United States District Court for the District of Colorado. He served as an Assistant United States Attorney for the District of Colorado from 1986 to 1988, when he entered private practice.

### *Ian Otto*

Mr. Otto obtained his bachelors degree from Gettysburg College (B.A. Economics 1993, *cum laude*) and his law degree from Georgetown University Law Center (J.D. 1999). Mr. Otto studied graduate level economics at the New School in New York. Before joining Straus & Boies, LLP, Mr. Otto was employed at the Federal Trade Commission as a staff attorney. Mr. Otto is licensed to practice in Maryland and before the United States District Court for the District of Maryland.

### *Eric R. Coakley*

Mr. Coakley obtained his bachelors degree from the University of Massachusetts (B.A. 1998, *summa cum laude*) and his law degree from the University of Colorado School of Law (J.D. 2002). He is admitted to practice in Colorado and before the United States District Court for the District of Colorado.

### Nathan M. Cihlar

Mr. Cihlar obtained his bachelors degree from Georgetown University (B.S. Finance and Marketing 1999), and his law degree from William & Mary Law School (J. D. 2004). While at William & Mary, Mr. Cihlar was a member of the Environmental Law Journal. His note entitled, "The Navy and Low Frequency Active Sonar: Stripping the Endangered Species Act of Its Authority" was published in the Journal in the spring of 2004 and was honored as Note of the Year. He is admitted to practice in Virginia and before the United States District Court for the Eastern District of Virginia.

### Joshua D. Raynes

Mr. Raynes obtained his bachelors degree from Virginia Polytechnic University (B.S. 2000, *summa cum laude*), and his law degree from William & Mary Law School (J. D. 2004). While at William & Mary, Mr. Raynes was a member of the Moot Court Team and Bill of Rights Journal. He is admitted to practice in Virginia and the District of Columbia.

### Thomas M. Palumbo

Mr. Palumbo obtained his bachelors degree from George Mason University (B.A. International Studies 2001) and his law degree from the George Mason University School of Law (J.D. 2007). He is admitted to practice in Virginia.

***Christopher V. Le***

Mr. Le obtained his bachelors degree from The University of Virginia (B.A. Economics & Philosophy 2004) and his law degree from Case Western Reserve University (J.D. 2007, *cum laude*). While at Case Western, Mr. Le was a member of the Mock Trial Team and the ABA Negotiation Competition Team. He is admitted to practice in Virginia.

**Partial List of Recent Cases In Which Straus & Boies, LLP
Has served As Lead Counsel**

*Vitamins*

As lead counsel in coordinated multi-state proceedings of more than 50 indirect purchaser

classes and *parens patriae* actions filed in 23 separate state jurisdictions against the international

manufacturers of bulk vitamins, Straus & Boies, LLP secured at that time the largest ever

indirect purchaser antitrust settlement. Straus & Boies, LLP's efforts in successfully resolving

the state vitamins indirect purchaser actions included structuring, implementing, and leading

coordinated alternative dispute resolution proceedings sanctioned by state courts throughout the

country, and involving scores of plaintiffs' counsel, numerous counsel for foreign and domestic

defendants, and the State Attorneys General.

*Food Additives*

As sole lead counsel for more than 10 indirect purchaser state class action claims filed

across the country, Straus & Boies has been efficiently advancing the claims of indirect

purchasers against the manufacturers of food additives for an illegal price-fixing conspiracy that

affected consumer prices for well over a decade. The cases allege that the major manufacturers

of certain food additives conspired to fix prices during the period January 1, 1990 through 2002.

The cases are stayed while the parties conclude settlement discussions.

*Dynamic Random Access Memory (DRAM)*

Straus & Boies, LLP, is currently serving as co-lead counsel in these coordinated multi-

state proceedings of more than 60 indirect purchaser classes against the manufacturers of

Dynamic Random Access Memory chips (DRAM) for the violation of various state's antitrust/consumer protection laws. It is alleged that the DRAM manufacturers entered into and engaged in a conspiracy in the United States and elsewhere to suppress and eliminate competition by fixing the prices of DRAM. Straus & Boies, LLP has been prosecuting the claims of indirect purchasers of DRAM since October 2004.

### *Alcohol*

Straus & Boies, LLP, serving as lead in a group of more than a dozen law firms, has brought actions under various state consumer protection statutes, trade regulation statutes and the common law in order to enjoin and redress certain manufacturers of alcoholic beverages for their long-running, sophisticated, and deceptive scheme to market alcoholic beverages to minors. Straus & Boies, LLP has begun prosecuting these actions on behalf of consumer classes in a number of states against alcohol manufacturers from around the globe who market and sell their products to U.S. consumers. Through these actions, Straus & Boies, LLP hopes to enjoin the deliberate, reckless, and illegal targeting of underage consumers in alcohol advertising, and to compensate consumers for the billions of dollars annually reaped from underage drinking promoted by manufacturers' marketing schemes and the harm associated with underage drinking.

## Partial List of Other Class Action Cases
## Prosecuted by Straus & Boies

1. *Ashley v. Archer Daniels Midland Co., et al.*, Circuit Court of DeKalb County, Alabama, CV-95-336, Co-lead Counsel.

2. *Audette v Hiebei Welcome Pharmaceutical Co. Ltd., et al.*, Commonwealth of Massachusetts, Case No. 2005-00182-C.

3. *Augusta Sullivan and Rose Marie Farina v. Wellman, Inc., et al.*, Commonwealth of Massachusetts, Case No. 02-4872 C.

4. *Ayman R. Hakki, et al., v. Zima Company, et al.*, Superior Court for the District of Columbia, Case No. 1:03 CV 02621

5. *Blades, et al. v. Monsanto Co.*, United States District Court for the Southern District of Illinois, CV 00-4034-DRH.

6. *Briscoe, et al., v. DuPont E.I. Nemours & Co., et al.*, Superior Court for the District of Columbia, C.A. No. 02ca0010508.

7. *Caldwell, et al. v. Archer Daniels Midland Co., et al.*, Circuit Court of Coosa County, Alabama, Civil Action No. CV-96-17, Co-lead Counsel.

8. *Cape Composite, Inc. v. Mitsubishi Rayon Co., Ltd.*, United States District Court for the Central District of California, Case No. 99-08260.

9. *Care Pharmacies, Inc. v. Purdue Pharama, L.P., et al.*, United States District Court for the Southern District of New York, Case No. 04-CV-3890.

10. *Casey v. Prudential Securities, Inc.*, Supreme Court of the State of New York, County of Albany, Index. No. 3462-97.

11. *Crain v. Microsoft Corporation, et al.*, Superior Court for the State of California, County of Yolo, No. CV 99-1740, J.C.C.P. No. 4106.

12. *Derek S. Lynn v. Hyundai Motor America, Inc.*, Circuit Court of Madison County, Alabama, Civil Action No. CV-03-412.

13. *Donaldson et al. v. Degussa Huls Corporation, et al.*, Circuit Court of Cullman Co. Alabama, C.A. No. 99-406, Co-lead Counsel.

14. *Dressed to Kill Custom Draperies v. Intel Corp.*, United States District Court for the Northern District of California, C 05 3272.

15. *Drug Mart Pharmacy Corporation v. Abbot Laboratories, et al.*, Supreme Court of the State of New York, County of Kings, No. 29126-99.

16. *Dunham v. Microsoft Corporation, et al.*, Superior Court of the State of California, County of Sonoma, No. 223291, J.C.C.P. No. 4106.

17. *Durrett v. The Upjohn Co., et al.*, Circuit Court of Tuscaloosa County, Alabama, Civil Action No. CV-97-170, Co-lead Counsel.

18. *Giral, et al. v F. Hoffman LaRoche Ltd., et. al.*, Superior Court of the District of Colombia, Civil Division, Case No. 0007467-98, Lead Counsel.

19. *Goda, et al. v. Abbott Laboratories, Inc.*, Superior Court for the District of Columbia, Civil Docket No. 01445-96.

20. *Graham v. Hoffman LaRoche, et al.*, Superior Court for the State of California, County of Yolo, No. CV 98-00046, J.C.C.P. No. 4076, Executive Committee.

21. *Hodge, et al. v. Eastman Chemical Company*, Circuit Court of Jefferson County, Tennessee, Civil Action No. 16.351 IV, Co-lead Counsel.

22. *Holdren, et al. v. Abbott Laboratories, Inc.*, District Court of Johnson County, Kansas, Case No. 96C15994.

23. *Huggins, et al. v. Abbott Laboratories, Inc., et al.*, Circuit Court for Chambers County, Alabama, Case No. CV-96-024-Cl.

24. *In re American Airlines Antitrust Litigation*, United States District Court for the District of Kansas, Case No. 99-1187-MLB, Chair of Executive Committee.

25. *In re Brand-Name Prescription Drugs Antitrust Litigation*, United States District Court for the Northern District of Illinois, MDL 997.

26. *In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liability Litigation*, United Sates District Court, Southern District of Indiana, Indianapolis Division, MDL 1373.

27. *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, United States District Court, for the Eastern District of New York, MDL 1383.

28. *In re Cigarette Litigation*, United States District Court for the Northern District of Georgia, CV-0447 (MDL 1342).

29. *In re Citric Acid Antitrust Litigation*, United States District Court for the Northern District of California, MDL 1092.

30. *In re Commercial Tissue Paper Products Antitrust Litigation*, United States District Court for the Northern District of Florida, Gainesville Division, MDL 1189, Case No. 97-CV-128.

31. *In re Foreign Currency Conversion Fee Antitrust Litigation*, United States District Court, for the Southern District of New York, MDL 1409.

32. *In re High Fructose Corn Syrup Antitrust Litigation*, United States District Court for the Central District of Illinois, MDL 1087.

33. *In re Humana, Inc. Managed Care Litigation*, United States District Court for the Southern District of Florida, MDL 1334, Executive Committee.

34. *In re Medpartners Securities Litigation*, United States District Court for the Northern District of Alabama, CV-98-B-0067-S.

35. *In re Methionine Antitrust Litigation*, United States District Court for the Northern District of California, MDL 1311.

36. *In re Mutual Funds Investment Litigation*, United States District Court for the District of Maryland, MDL 1586.

37. *In re NASDAQ Market-Makers Antitrust Litigation*, United States District Court for the Southern District of New York, MDL 1023.

38. *In re Residential Telephone Lease Contract Litigation*, Southern District of Alabama, MDL 1165, Co-lead Counsel.

39. *In re Vesta Insurance Group, Inc. Securities Litigation*, United States District Court for the Northern District of Alabama, CV 98-AR-1407-S, Liaison Counsel.

40. *In re Vitamins Antitrust Litigation*, United States District Court for the District of Columbia, MDL 1285, Executive Committee and Liaison Counsel with Indirect Purchaser Cases.

41. *Juan v. Intel Corp.*, United States District Court for the Northern District of California, C 05 3271.

42. *Karofsky v. Abbott Laboratories, Inc., et al.*, Superior Court of Cumberland County, Maine, Civil Docket No. 95-1009.

43. *Kerr v. Abbott Laboratories, Inc., et al.*, District Court of Hennepin County, Minnesota, No. MC-96-002837.

44. *Kinder v. Intel Corp.*, United States District Court for the Northern District of California, C 05 3273.

45. *Long v. Abbott Laboratories, Inc., et al.,* General Court of Justice Superior Court Division for Mecklenburg County, North Carolina, Civil Action No. 97 CVS 8289.

46. *Madelon J. Lief, et al. v. Archer Daniels Midland Co.,* Circuit Court of Dan County, Wisconsin, Civil Docket No. 02CV3697.

47. *McCoy-Johnson, et al. v. Northwest Airlines, Inc. and Northwest Airlines Corp.* United States District Court for Western District of Tennessee, Western Division, No. 99-2994 GV, Chair of Executive Committee.

48. *McLaughlin, et al. v. Abbott Laboratories, Inc.,* Superior Court for Yavapai County, Arizona, No. 1-CA-SA-96-0215.

49. *Meyers v. Abbott Laboratories, Inc., et al.,* Circuit Court for Davidson County, Tennessee, No. 970612.

50. *Milne v. Mercury Finance Co., et al.,* United States District Court for the Northern District of Illinois, No. 97-C-1536.

51. *Park Surgical Co. Inc., et al. v. Becton Dickinson & Company,* Civil Action No. 05 CV 5678 (E.D. Pa.)(CMR)

52. *Polyester Staple Cases,* Superior Court of California, Judicial Council Coordination Proceeding No.: JCCP No. 4278.

53. *Poulos, et al. v. Caesar's World, Inc., et al.,* United States District Court for the District of Nevada, CV-S-94-1126-DAE (RJJ).

54. *Prewitt Enterprises, Inc., v. Organization of Petroleum Exporting Countries,* United States District Court for the Northern District of Alabama, Case No. CV-00-B-0865-S, Sole Counsel.

55. *Rampey v. Novartis Consumer Health, Inc.,* Circuit Court of Chambers County, Alabama, CV-97-174, Co-lead Counsel.

56. *Randy Kreft and Colleen Kreft, et al., v. Zima Beverage Company, et al.,* District Court, City & County of Denver, Colorado, Case No. 03-CV-9229

57. *Robbins, LLC v. Cabot Corporation, et al.,* United States District Court for the District of Massachusetts, Case No. 03-CV-11072DPW.

58. *Ronald Lankford v. Jos. A. Banks Clothiers, Inc.,* Circuit Court of Madison County, Alabama, Case No. CV03-204LHL.

59. *Ronald P. Wilson, Andrea B. Wilson and Joseph A. Wilson, et al. v. Zima Company, et al.,* Superior Court, County of Mecklenburg, State of North Carolina, Case No. 04-CV-626.

60. *Rush v. Intel Corp.,* United States District Court for the Northern District of California C 05 3277.

61. *Saams, et al. v. Microsoft Corporation, et al.,* Superior Court for the State of California, County of San Francisco CV 308015, J.C.C.P. No. 4106.

62. *Scholfeld v. Abbott Laboratories, Inc., et al.,* District Court for Dane County, Wisconsin, No. 96-CV-0460.

63. *Seven Up Bottling Company of Jasper, Inc. v. Archer Daniels Midland Co., et al.,* Circuit Court of Walker County, Alabama, Civil Action No. 95-436, Co-lead Counsel.

64. *Shaklee Corp. v. Degussa-Huls Corp, et al.,* Superior Court of San Francisco County, California, Case No. 308636, J.C.C.P. Nos. 4090 and 4096.

65. *Smith v. GTE Corp., et al.,* United States District Court for the Middle District of Alabama, Case No. 97-M-1025, Co-lead Counsel.

66. *Sparks, et al. v. AT&T Corporation, et al.,* Circuit Court, Third Judicial Circuit, Madison County, Illinois, Case No. 96-LM-983.

67. *Sparks, et al. v. Lucent Technologies, et al.,* Circuit Court, Third Judicial Circuit, Madison County, Illinois, Case No. 01-L-1668.

68. *Thomas and Thomas Rodmakers, Inc. et al. v. Newport Adhesives and Composites, Inc. et al.* United States District Court Central Division, No. CV-99-07796-GHK (CTx).

69. *Thomas Miller and Noel Collette v. Deluxe Corporation,* First Judicial District, District Court of Dakota County, Minnesota, Civil Action No. 19-CO-03-6487.

70. *Thomaston Mills, Inc., et al. v. DuPont E.I. Nemours & Co., et al.,* United States District Court for the Western District of North Carolina, Civil Action No. 3:02CV474-V.

71. *Vivian Bernstein v. Janus Capital Management, LLC, et al.,* United States District Court, District of Colorado, Case No. 03-B-1798.

72. *Wilson v. Toys R Us et al.,* Circuit Court of Tuscaloosa County, Alabama, Civil Action No. CV-96-574, Co-lead Counsel.

73. *Wood v. Abbott Laboratories, Inc., et al.,* Circuit Court of Oakland County, Michigan, No. 96-5125610CZ.

74. *Yasbin, et al. v. Abbott Laboratories, Inc.,* Circuit Court for the Eleventh Judicial District for Dade County, Florida, C.A. No. 97-1141-CA 03.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHEOLAN KIM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES INC., DR. SIDNEY HARMAN, KEVIN BROWN and SANDRA B. ROBINSON,<br><br>Defendants. | 1:07-CV-01757 (RWR)<br><br>CIVIL ACTION |
| CITY OF BOCA RATON GENERAL EMPLOYEES' PENSION PLAN, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES INC., DR. SIDNEY HARMAN, KEVIN BROWN and SANDRA B. ROBINSON,<br><br>Defendants. | 07-CV-_____ |

**NOTICE OF MOTION FOR THE CITY OF BOCA RATON GENERAL
EMPLOYEES' PENSION PLAN TO BE APPOINTED AS LEAD PLAINTIFF TO
APPROVE LEAD PLAINTIFF'S CHOICE OF COUNSEL AND TO CONSOLIDE
ALL RELATED ACTIONS**

**TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that the City of Boca Raton General Employees'

Pension Plan ("BRGEPP") will and hereby does move this Court on a date and at such

time as may be designated by the Court, for an order: (i) consolidating all related actions;

(ii) appointing the BRGEPP as the Lead Plaintiff in the consolidated action and any

subsequently filed related cases, and (iii) approving its selection of Mager & Goldstein

LLP to represent it as Lead Counsel, and Straus & Boies, LLP to serve as Local Counsel.

In support of this Motion, the City of Boca Raton General Employees' Pension Plan

submits the accompanying memorandum of law and the Certification of Linda Davidson.

DATED:       November 30, 2007

Respectfully Submitted,

/s/Timothy D. Battin
**STRAUS & BOIES, LLP**
Timothy D. Battin, Esq.
4041 University Drive, Suite 500
Fairfax, Virginia 22030
Telephone: (703) 764-8700
Facsimile:  (703) 764-
**[Proposed] Local Counsel**

**MAGER & GOLDSTEIN, LLP**
Jayne Arnold Goldstein, Esq.
1640 Town Center Circle, Suite 216
Weston, Florida 33326
Telephone: (954) 515-0123
Facsimile:  (954) 515-0124
**[Proposed] Lead Counsel**

**LOCKRIDGE GRINDAL
NAUEN, PLLP**
Richard A. Lockridge, Esq.
Karen Hanson Riebel, Esq.
Nathan D. Prosser, Esq.
100 Washington Avenue South,

Suite 2200
Minneapolis, MN  55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

**FINE, KAPLAN AND BLACK, RPC**
Roberta D. Liebenberg, Esq.
1835 Market Street
28th Floor
Philadelphia, PA 19103
Telephone: (215) 567-6565
Facsimile: (215) 568-5872

**[Proposed] Additional Counsel**

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicate on the attaché Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 30, 2007.

/s/Timothy D. Battin _____
**STRAUS & BOIES, LLP**
Timothy D. Battin, Esq.
4041 University Drive, Suite 500
Fairfax, Virginia 22030
Telephone: (703) 764-8700
Facsimile:  (703) 764-

E-mail: tbattin@straus-boies.com

Manual Notice List:

Laurence D. Paskowitz, Esq.
PASKOWITZ & ASSOCIATES
60 East 42nd Street
46th Floor
New York, NY 10165

Roy L. Jacobs, Esq.
ROY JACOBS & ASSOCIATES
60 East 42nd Street
46th Floor
New York, NY 10165

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHEOLAN KIM, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HARMAN INTERNATIONAL INDUSTRIES INC., DR. SIDNEY HARMAN, KEVIN BROWN and SANDRA B. ROBINSON,<br><br>    Defendants. | 1:07-CV-01757 (RWR)<br><br>CIVIL ACTION |
| CITY OF BOCA RATON GENERAL EMPLOYEES' PENSION PLAN, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HARMAN INTERNATIONAL INDUSTRIES INC., DR. SIDNEY HARMAN, KEVIN BROWN and SANDRA B. ROBINSON,<br><br>    Defendants. | 07-CV-_____<br><br>[PROPOSED] ORDER APPOINTING MOVANTS CITY OF BOCA RATON GENERAL EMPLOYEES' PENSION PLAN AS LEAD PLAINTIFF, APPROVING LEAD PLAINTIFF'S CHOICE OF COUNSEL, AND CONSOLIDATING RELATED ACTIONS |

Upon consideration of the motion of the City of Boca Raton General Employees' Pension Plan ("BRGEPP") for appointment as Lead Plaintiff, approval of its selection of counsel, and consolidation of all related actions, the Memorandum of Law, and Declaration of Timothy D. Battin, in support thereof, and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion of the BRGEPP is **GRANTED;**

2.     Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, any subsequently filed or transferred actions on behalf of the purchasers of the securities of Harman International Industries, Inc related to the claims asserted in these cases, are hereby **CONSOLIDATED** for all purposes.  This action shall be captioned "In re Harman International Industries Securities Litigation" and the file shall be maintained under Master File No.  1:07-CV-01757 (RWR);

3.     BRGEPP is **APPOINTED** to serve as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), in the above-captioned actions and all related actions consolidated hereby pursuant to paragraph 2 of this Order;

4.     The selection of counsel by BRGEPP is **APPROVED** and the law firm of Mager & Goldstein LLP is hereby **APPOINTED** as Lead Counsel for the Class and the law firm of Straus & Boies, LLP is hereby **APPOINTED** as Local Counsel.


DATED:_____, 2007

IT IS SO ORDERED.


_____<br>
Richard W. Roberts<br>
United States District Judge