UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHEOLAN KIM, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>HARMAN INTERNATIONAL INDUSTRIES INC., DR. SIDNEY HARMAN, KEVIN BROWN, and SANDRA B. ROBINSON,<br><br>    Defendants. | Case No. 1:07-cv-01757<br>Honorable Richard W. Roberts |

### ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF LEAD COUNSEL

Having considered the papers filed in support of the Arkansas Public Employees Retirement System's ("APERS" or "Movant") Motion For Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4(a)(3)(B) ("PSLRA"), and for good cause shown, the Court hereby enters the following Order.

I. **CAPTION AND FUTURE FILED OR TRANSFERRED RELATED CASES**

  1. The short caption for the action shall be "*In re Harman International Industries Inc. Securities Litigation*, Civil Action No. 1:07-cv-01757 (RWR)." Every pleading in this action shall bear the following caption:

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE HARMAN INTERNATIONAL INDUSTRIES INC. SECURITIES LITIGATION ) ) ) ) ) | Civil Action No. 1:07-cv-01757 (RWR) |

2. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated as part of the action.

3. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    a. file a copy of this Order in the separate file for such action;

    b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c. make the appropriate entry in the docket for this action.

4. Each new case which arises out of the subject matter of the action that is filed in this Court or transferred to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

5. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as

computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

## II.   APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

6.   APERS has moved the Court to be appointed as Lead Plaintiff in the above-entitled action (the "Action") and to approve the counsel it retained to be Lead Counsel.

7.   Having considered the provisions of § 21D(a)(3)(B) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby determines that APERS is the most adequate plaintiff and satisfies the requirements of the PSLRA. The Court hereby appoints APERS as Lead Plaintiff to represent the interests of the class in the Action.

8.   Pursuant to §21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Movant has selected and retained the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. to serve as Lead Counsel. The Court approves Movant's selection of Lead Counsel for the Action.

9.   Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

   a.   brief and argue any and all motions;

   b.   conduct any and all discovery proceedings;

   c.   examine any and all witnesses in depositions;

   d.   select counsel to act as spokesperson at all pretrial conferences;

   e.   coordinate all settlement negotiations with counsel for defendants;

   f.   coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

   g.   coordinate the preparation and filings of all pleadings; and

  h.  supervise all other matters concerning the prosecution or resolution of the Action.

10. No motion, discovery request or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of the Lead Counsel.

11. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

12. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

13. All counsel for plaintiffs in any subsequently filed related action shall submit to Lead Counsel detailed time reports reflecting the hours of work expended by each attorney, their billing rate and the subject matter of the work. Time reports shall be submitted on a quarterly basis with the first report due no later than one month following entry of this Order, and shall continue for each subsequent quarter thereafter or on such schedule as Lead Counsel shall determine. Any failure to timely submit such reports to Lead Counsel may result in the disqualification of such unreported time from being reimbursed from any common fund, which may be created in the action.

14. Defendants shall effect service of papers on plaintiffs by serving copies on Lead Counsel by overnight delivery service, electronic mail ("e-mail") delivery, telecopy, or hand

delivery. Plaintiffs shall effect service of papers on defendants by serving copies on each of their counsel by overnight delivery service, e-mail, telecopy, or hand delivery.

15. Each attorney not a member of the Bar of this Court who is acting as counsel for a plaintiff or defendant herein shall ~~be deemed admitted~~ *apply* *pro hac vice* to practice before this Court in connection with these proceedings. *The Clerk is directed to consolidate with this action and administratively close Civil Action No. 07-2175 (RWR).*

SO ORDERED THIS _14_ day of _February_, 2007.

_____
Honorable Richard W. Roberts

-5-