# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE HARMAN INTERNATIONAL INDUSTRIES, INC. SECURITIES LITIGATION | Case No. 1:07-cv-01757-RC |

## CIVIL CASE MANAGEMENT PLAN AND [PROPOSED] SCHEDULING ORDER

This Discovery Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3) and Local Civil Rule 16.3.

1. The parties conferred telephonically and via email pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3(a) several times beginning on September 10, 2015 and over the following weeks. Pursuant to Local Civil Rule 16.3(d), the parties state that they have reached the agreements below.

2. Lead Plaintiff will amend the Consolidated Class Action Complaint, Dkt. 20, to remove allegations that have been dismissed by the Court and were not appealed, and file an Amended Consolidated Class Action Complaint (hereinafter the "Complaint") by October 16, 2015. Lead Plaintiff will not add any new claims, parties, or substantive allegations.

3. Defendants will answer the Complaint (or otherwise respond if Lead Plaintiff adds any new claims, parties, or substantive allegations) by November 20, 2015.

4. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 28 days from the date of this Order.

5. The parties propose to take discovery on the following subjects:

   a. Subject to Lead Plaintiff's rights to supplement this list at a later date and any objections by Defendants, the subjects on which Lead Plaintiff may seek discovery include: the facts and circumstances concerning Harman International

Industries, Inc.'s ("Harman") research and development, manufacture, marketing, sales, shipping, and inventory, of personal navigation devices ("PNDs"); Defendants' public statements, including statements filed with the SEC, concerning PNDs; Defendants' knowledge of, or reckless disregard with respect to the truth of, their public statements; the causal nexus between Defendants' public statements and Lead Plaintiff's losses; the extent of the damages incurred by Lead Plaintiff; and any defenses asserted by Defendants in their answers to the Complaint.

b. Subject to Defendants' right to supplement this list at a later date and any objections by Lead Plaintiff, the subjects on which Defendants may seek discovery include: (i) the factual bases of Lead Plaintiff's claims; (ii) the sources of information referred to in the Complaint, including but not limited to the identity of those sources and the nature and extent of Lead Plaintiff's communications with those sources; (iii) Lead Plaintiff's communications with third parties regarding Defendants and/or the claims asserted in the Complaint (if any); (iv) Lead Plaintiff's and putative class members' investment in, and ownership and trading of, Harman stock; (v) Lead Plaintiff's understanding of the business and affairs of Harman, including but not limited to its Personal Navigation Device ("PND") business; (vi) issues relating to the appropriateness of treating this case as a class action under Rule 23 of the Federal Rules of Civil Procedure; (vii) the knowledge, state of mind or scienter of Defendants; (viii) issues involving the allegedly untrue or misleading statements alleged to have been made by any Defendant; (ix) the materiality of any allegedly untrue or

misleading statement alleged to have been made by any Defendant; (x) loss causation; (xi) issues involving alleged reliance on any allegedly untrue or misleading statements alleged to have been made by any Defendant; (xii) issues involving Lead Plaintiff's alleged damages; and (xiii) any affirmative defenses identified in Defendants' answers.

6. **Class Certification**

   a. Lead Plaintiff's motion for class certification will be filed by April 1, 2016.

   b. The parties agree that prior to the filing of a motion for class certification, the parties shall meet and confer and submit a proposed briefing schedule for such motion.

7. **Fact Discovery**

   a. All fact discovery will be completed no later than October 21, 2016.

   b. Initial requests for the production of documents will be served by December 4, 2015.

   c. The parties' document production will be complete by June 24, 2016.

   d. All productions will be made by the parties on a rolling basis.

   e. Interrogatories will be served no later than September 2, 2016.

   f. Requests to admit will be served no later than September 9, 2016.

   g. Depositions will be completed by September 13, 2016.

   h. Any of the deadlines in paragraphs 8(b) through 8(g) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

8. **Expert Discovery**

    a. All expert discovery, including expert depositions, will be completed no later than March 9, 2017.

    b. The party bearing the burden of proof on any issue shall identify the anticipated subject matter of opinions to be offered by its experts on that issue no later than November 4, 2016.

    c. Affirmative expert reports will be served by the party bearing the burden of proof on any issue on or before December 9, 2016.

    d. Rebuttal expert reports will be served on or before February 10, 2017.

    e. The interim deadlines in paragraphs 9(c) and 9(d) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 9(a).

9. **Summary Judgment**

    a. Motions for summary judgment will be filed by April 13, 2017.

    b. Oppositions to summary judgment will be filed by June 22, 2017.

    c. Replies in support of summary judgment will be filed by July 20, 2017.

10. All motions and applications shall be governed by the Local Rules of the United States District Court for the District of Columbia.

11. **Settlement Discussions.** Formal settlement discussions have not occurred in this case.

12. This case is to be tried by a jury.

13. Counsel for the parties have preliminarily conferred and expect to be prepared to estimate the length of trial at the time of the submission of their Joint Pretrial Order.

14. Other issues set forth in Fed. R. Civ. P. 26(f)(3):

a. Pursuant to Rule 26(f)(3)(C), the parties have considered electronic discovery related issues, have not identified such issues at this time, and will work in good faith to resolve any such issues that arise.

b. Pursuant to Rule 26(f)(3)(D), the parties have negotiated a separate confidentiality stipulation that has been filed concurrently with this stipulation, which addresses privilege issues, including the procedure for asserting privilege claims after production.

c. Pursuant to Rule 26(f)(3)(E), the parties have considered "what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed." The parties agree to meet and confer regarding whether more than 10 depositions may be necessary and whether written discovery beyond the presumptive limits of the Federal Rules of Civil Procedure may be necessary. The parties agree to accept electronic service of any discovery materials or pleadings in connection with the Action.

d. Pursuant to Rule 26(f)(3)(F), the parties respectfully submit that, excepting the proposed stipulated confidentiality order submitted herewith, no other orders of the Court are warranted at this time.

Dated: September 29, 2015.

| | |
|---|---|
| COHEN MILSTEIN SELLERS & TOLL PLLC | JONES DAY |
| */s/ Steven J. Toll* | */s/ Robert C. Micheletto* |
| Steven J. Toll (D.C. Bar No. 225623) | Thomas F. Cullen, Jr. |
| Daniel S. Sommers (D.C. Bar No. 416549) | D.C. Bar No. 224733 |
| S. Douglas Bunch (D.C. Bar No. 974054) | 5 Louisiana Avenue, N.W. |
| Times Wang (D.C. Bar No. 1025389) | Washington, DC 200001-2113 |
| 1100 New York Ave. N.W. | Tel.: (202) 879-3924 |
| West Tower, Suite 500 | Fax: (202) 626-1700 |
| Washington, DC 20005 | |
| Tel.: (202) 408-4600 | Robert C. Micheletto |
| Fax: (202) 408-4699 | Kelly A. Carrero |
| | Ryan J. Andreoli |
| ***Lead Counsel for Lead Plaintiff and the Class*** | 222 East 41st Street |
| | New York, NY 10017 |
| | Tel.: (212) 326-3939 |
| | Fax: (212) 755-7306 |
| | |
| | ***Counsel for Defendants*** |

**SO ORDERED.**

Dated: _____          _____
        Washington, D.C.                                    Rudolph Contreras
                                                            United States District Judge

2049338.1