UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE HARMAN INTERNATIONAL INDUSTRIES, INC. SECURITIES LITIGATION | Case No. 1:07-cv-01757-RC |

STIPULATION AND [PROPOSED] ORDER GOVERNING THE EXCHANGE
OF CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff Arkansas Public Employees Retirement System and Defendants Harman International Industries, Inc., Dr. Sidney Harman, Kevin Brown, and Dinesh Paliwal (each of whom individually is referred to herein as a "Party," and collectively, the "Parties"), by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

   1. Any Party, or individual or entity who produces any information in the above-captioned action, may designate any information produced in this action, including deposition testimony and exhibits, documents produced in response to requests for production or subpoenas, electronically stored information, responses to interrogatories and requests for admission, and any other kind of discovery information (collectively, "Discovery Material"), as "Confidential" (referred to as "Confidential Material" herein) if, in good faith, the Party or individual or entity producing the Discovery Material (the "Producing Party") believes: (a) the material contains non-public, proprietary, or commercially sensitive information the disclosure of which could reasonably be expected to result in commercial harm to a Party; (b) the material requires the protections provided in this Stipulation and Order to prevent unreasonable expense or prejudice to any person or entity; (c) the material contains personally identifying information

of any individual, including but not limited to social security numbers and financial account numbers; (d) the material contains any other information unrelated to the matters at issue in this action of a personal or intimate nature regarding any individual; (e) the material contains information for which applicable agreements, regulations, or laws restrict disclosure; or (e) the material contains any other category of information hereinafter given confidential status by the Court.

      2.      The designation of Discovery Material as "Confidential" for the purposes of this Stipulation and Order shall be made in the following manner: (a) in the case of deposition or other pretrial testimony and any exhibits to said testimony, a Party shall either (i) make a statement on the record at the time of the testimony; or (ii) send within a reasonable period of time a written notice to counsel for all Parties to this litigation identifying the portions of the testimony and exhibits to which the "Confidential" designation applies; and in both of the foregoing instances, the Producing Party shall direct the court reporter to affix the legend "Confidential" to the first page and all designated portions of the transcript and exhibits, including all copies thereof; (b) in the case of responses to interrogatories and requests for admission, the Producing Party shall (i) state in the main body of responses that the interrogatory or request for admission at issue requests "Confidential" information, (ii) set forth the response to the interrogatory or request for admission at issue in an addendum attached to the main body of responses and (iii) affix the legend "Confidential" to each page of that addendum; (c) in the case of Discovery Materials produced on videotape, CD, DVD, external hard drive, or other electronic storage medium, the Producing Party shall affix the legend "Confidential" to the outside of such electronic storage medium or to each file, page or unit of electronically stored

material; and (d) in the case of Discovery Materials produced in hard copy, the Producing Party shall affix the legend "Confidential" to each page so designated.

3. If at any time prior to the trial of this action, a Party determines that some portion[s] of Discovery Material previously produced by that or any other Party without limitation should be designated as "Confidential," the Party may so designate by so apprising all Parties to the litigation in writing, and such designated portion[s] will thereafter be treated as Confidential Material under this Stipulation and Order. The delay in designating a document as "Confidential" shall not be deemed to have effected a waiver of any of the protections of this Stipulation and Order.

4. A Party may designate Discovery Material produced by a non-party as "Confidential" within thirty (30) days of receiving such material by providing written notice of the designation to all Parties to the litigation and to the producing non-party. Until such time period expires, all materials produced by the non-party shall be treated as Confidential Material. Any Party designating Discovery Material produced by a non-party as "Confidential" shall have a good faith basis to believe that the Discovery Material meets one or more of the criteria for Confidential Material set forth in Paragraph 1.

5. No Party will designate any Discovery Material as "Confidential" without first reviewing the specific Discovery Material to be so designated.

6. Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material may only be used for the prosecution or defense of the above-captioned action, or any appeal therefrom, and shall not be used for any other purpose whatsoever, including but not limited to, any business or commercial purpose, for

3

2046077.1

dissemination to the media or the public, or in connection with any other judicial, administrative or arbitral proceeding.

7. Confidential Material may be disclosed <u>in accordance with the provisions of this Stipulation and Order</u> only to:

  a. the Court and Court personnel, as appropriate;

  b. witnesses, deponents or persons whom a party's counsel believes in good faith may give relevant testimony regarding the Confidential Material (and their counsel);

  c. each named Party and its employees, officers, directors, representatives, general partners, limited partners and affiliates, provided that such persons are assisting the Party with, or otherwise are involved in, this litigation;

  d. each person identified on the face of the Confidential Material as an author or intended recipient (including by copy) thereof in whole or in part, or each person to whom counsel reasonably and in good faith believe that the original or a copy of such Confidential Material was sent or otherwise made available prior to this litigation;

  e. Outside vendors such as court reporters, videographers, litigation support personnel, electronic discovery services, trial preparation services, or duplicating services employed by a Party in connection with this litigation;

  f. counsel for the Parties, including in-house and outside counsel, legal assistants and other staff;

  g. experts or outside consultants, including necessary staff, retained by a Party or its counsel in connection with this litigation;

  h. insurance companies or other indemnitors for the named Parties which are providing coverage for claims in this matter and/or their in-house or outside counsel; and

  i. any other person only upon order of the Court or with the written agreement of the Producing Party.

8. Every person or entity given access to Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material shall be advised that it is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed by any person or entity other than pursuant to the terms hereof. All persons and entities listed in Paragraph 7 subsections (b), (g), (h), and (i) to whom a Party provides access to Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material, shall execute a copy of the Certification attached hereto before such access is provided and be advised that he or she will be subject to the Stipulation and Order. Counsel for the Party that provides Confidential Material to a person or entity listed in Paragraph 7(b), (g), (h), or (i) shall retain the original Certification executed by that person or entity, and shall provide a copy of that Certification to any other Party upon request (provided, however, that Certifications relating to persons or entities listed in Paragraph 7(g) are not required to be provided until after the applicable deadline for the disclosure of expert witnesses). Any report or other work product created by an expert and/or consultant which relies on or incorporates any Discovery Material that is designated as "Confidential," in whole or in part, shall be designated and treated as "Confidential" by the Party responsible for its creation.

9. Confidential Materials shall, if filed with or presented to the Court, be filed under seal unless otherwise ordered by the Court. In the event that any Confidential Material is used in any court proceeding in this litigation or any appeal therefrom, said Confidential Material shall not lose its status as "Confidential" through such use. Counsel shall confer in good faith regarding any additional procedures necessary to protect the confidentiality of such Confidential Material used in the course of any court proceedings.

10. Any Party may challenge, at any time, the designation of material as "Confidential" pursuant to the procedures outlined in this paragraph. The Party seeking to challenge such a designation shall contact the Producing Party in a good faith effort to resolve the dispute. In the absence of the Parties coming to an agreement, the Producing Party shall file a motion to maintain the "Confidential" designation within twenty-five (25) days of receiving written notice of a challenge to such "Confidential" designation. The Producing Party has the burden to show that the "Confidential" designation was appropriate. Should any such motion be filed, the motion shall be filed with the Court under seal. Until otherwise ordered by the Court, such material shall remain "Confidential."

11. Any person or entity having received Confidential Material (the "Recipient") shall take all due precautions to prevent any disclosure of such Confidential Material other than pursuant to the provisions of this Stipulation and Order. Confidential Material shall not be copied, reproduced, summarized, extracted, or abstracted, except to the extent that such copying, reproduction, summarization, extraction, or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of this Stipulation and Order and labeled in the same manner as the Confidential Material on which they are based. In the event the

Recipient of any electronic Discovery Material generates any electronic copy, hard copy, transcription, or printout from any non-paper media designated "Confidential," the Recipient must treat each copy, transcription, or printout as "Confidential." The Producing Party's rights and remedies with respect to any disclosure of Confidential Material by the Recipient in contravention of the provisions of this Stipulation and Order are hereby reserved.

12. Confidential Material which is disclosed in contravention of the provisions of this Stipulation and Order (through inadvertence or otherwise) shall continue to be protected by the provisions hereof. Upon learning of the disclosure of Confidential Material in contravention of the provisions of this Stipulation and Order, the person or entity that made the disclosure promptly shall: (i) give written notice of the disclosure to the Producing Party, which notice shall include a specific description of the improperly disclosed Confidential Material; (ii) give written notice to the recipient of the improperly disclosed Confidential Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Stipulation and Order and request that the Improper Recipient sign a copy of the Certification attached hereto; (iv) give written notice of the Improper Recipient's response to the Producing Party; (v) make reasonable good faith efforts to retrieve the improperly disclosed Confidential Material and all copies thereof (including summaries, excerpts, notes and any other information derived therefrom); and (vi) give written notice to the Producing Party of the result of such efforts. The Producing Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

13. If the Recipient of Confidential Material: (a) is subpoenaed in another action, (b) is served with a discovery demand in another action, (c) is served with any other legal process by a non-party to this litigation, or (d) otherwise receives a request from a non-party to this litigation, seeking Confidential Material, the Recipient shall give actual written notice, by hand,

2046077.1

electronic mail or facsimile transmission, within three (3) business days of receipt of such subpoena, demand, legal process or request to the Producing Party's counsel. The Recipient shall also furnish to the Producing Party's counsel a copy of the subpoena, demand, legal process or request and shall maintain the confidentiality of the Confidential Material so that the Producing Party may seek a protective order or other relief precluding disclosure. Should the person seeking access to the Confidential Material take any action against the Recipient to enforce such subpoena, demand, other legal process or request, the Recipient shall respond by setting forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Material, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

14.   This Stipulation and Order has no effect upon, and shall not apply to, the Producing Party's use of its own Confidential Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure, by a Party, of any document, material or information designated as "Confidential" that was obtained lawfully by such Party independently of the discovery proceedings in this litigation. The burden shall be on the Party asserting that the document, material or information was obtained independently to establish that fact.

15.   The Parties shall comply with their ethical and legal obligations concerning the actual or apparent inadvertent production of privileged or protected information consistent with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and Federal Rule of Evidence 502(b). Inadvertent or unintentional disclosure of information subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity ("Privileged Material") shall not be deemed a waiver in whole or in part of the privilege or work-product protection or

other applicable immunity, either as to the specific information disclosed or as to the same or related subject matter. If a Party has produced Discovery Material that it subsequently claims is Privileged Material, the receiving party (the "Party Receiving Privileged Material"), upon written or oral request, shall within five (5) business days return it, including all copies, and promptly destroy any notes concerning it. The Party Receiving Privileged Material may not refuse to return the material. Upon receipt of the returned materials, the Producing Party shall within five (5) business days provide a written good faith explanation of the basis for the privilege claim or claim of immunity. If the Party Receiving Privileged Material wants to challenge the claim of inadvertent or unintentional production or the claim of privilege or immunity from disclosure, it must first return the material, then confer and provide written notice to the Producing Party identifying with particularity the reasons for the challenge. If the Parties cannot resolve the dispute within a reasonable time, the Party Receiving Privileged Material may move the Court under seal for an appropriate order. The disputed material shall be treated as privileged until a ruling on such motion or other resolution of the dispute.

      16.      This Stipulation and Order shall survive termination of this litigation. Within sixty (60) days of the entry of an order, judgment or decree finally disposing of this litigation, including all appeals in which Confidential Material is permitted to be used, all persons or entities having received Confidential Material shall either: (a) return all Confidential Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party; or (b) destroy all Confidential Material and all copies thereof (including summaries and excerpts) and certify that fact to the Producing Party. Outside counsel for the Parties to this litigation shall be entitled to retain court papers and attorney work product (including work product containing or incorporating Confidential Material), provided that such outside counsel, and employees of

such outside counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the Producing Party. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

17. This Court shall retain jurisdiction over all persons and entities subject to this Stipulation and Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

18. This Stipulation and Order shall not be construed as waiving any right to assert an objection based on privilege, relevance, overbreadth, undue burden, or on any other grounds to the production of any material sought in a discovery request. Access to all requested materials (whether designated as "Confidential" or not) shall only be as provided by the relevant discovery rules and other applicable law.

19. This Stipulation and Order may be altered or modified only by written agreement among the Parties or by order of the Court upon motion by any Party.

20. This Stipulation and Order may be executed in counterparts which together shall constitute one document. Any Party added by name to this case after the "so ordering" of this Stipulation and Order shall be bound by it without having to execute it.

Dated: September 29, 2015.

| COHEN MILSTEIN SELLERS & TOLL PLLC | JONES DAY |
|---|---|
| */s/ Steven J. Toll* | */s/ Robert C. Micheletto* |
| Steven J. Toll (D.C. Bar No. 225623) | Thomas F. Cullen, Jr. |
| Daniel S. Sommers (D.C. Bar No. 416549) | D.C. Bar No. 224733 |
| S. Douglas Bunch (D.C. Bar No. 974054) | 5 Louisiana Avenue, N.W. |
| Times Wang (D.C. Bar No. 1025389) | Washington, DC 200001-2113 |
| 1100 New York Ave. N.W. | Tel.: (202) 879-3924 |
| West Tower, Suite 500 | Fax: (202) 626-1700 |
| Washington, DC 20005 | |
| Tel.: (202) 408-4600 | Robert C. Micheletto |
| Fax: (202) 408-4699 | Kelly A. Carrero |
| | Ryan J. Andreoli |
| ***Lead Counsel for Lead Plaintiff and the Class*** | 222 East 41st Street |
| | New York, NY 10017 |
| | Tel.: (212) 326-3939 |
| | Fax: (212) 755-7306 |
| | |
| | ***Counsel for Defendants*** |

**SO ORDERED.**

Dated: 10/5/2015
Washington, D.C.

_____
Rudolph Contreras
United States District Judge