"

"

"

"

"

"

GZ J KDKV'5'"'

# UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

IN RE HARMAN INTERNATIONAL
INDUSTRIES, INC. SECURITIES
LITIGATION

Case No. 1:07-cv-01757-RC

### DECLARATION OF ADAM D. WALTER REGARDING (A) MAILING OF NOTICE AND PROOF OF CLAIM FORM; (B) PUBLICATION OF SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE

I, ADAM D. WALTER, declare as follows:

1.      I am a Senior Project Manager of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin. Pursuant to the Court's May 11, 2017 Preliminary Approval Order, A.B. Data was authorized to act as the Claims Administrator in connection with the Settlement of the above-captioned action (the "Action").[1] I am over 21 years of age and am not a party to the Action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

### MAILING OF THE NOTICE AND PROOF OF CLAIM

2.      Pursuant to the Preliminary Approval Order, A.B. Data mailed the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") and the Proof of Claim Form (the "Claim Form" and, collectively with the Notice, the "Notice Packet") to potential Class Members. A copy of the Notice Packet is attached hereto as Exhibit A.

3.      On May 8, 2017, A.B. Data received a data file from Lead Counsel with names and addresses of 147 record holders of Harman common stock that were potential Class Members. On

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated April 19, 2017 (the "Stipulation").

June 1, 2017, A.B. Data caused Notice Packets to be sent by First-Class Mail to those potential Class Members.

4.      As in most class actions of this nature, the large majority of potential Class Members are expected to be beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the respective nominees, on behalf of the beneficial purchasers.   A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees (the "Record Holder Mailing Database").   At the time of the initial mailing, the Record Holder Mailing Database contained 5,077 mailing records.   On June 1, 2017, A.B. Data caused Notice Packets to be sent by First-Class Mail to the 5,077 mailing records contained in the Record Holder Mailing Database.[2]

5.      The Notice directed those who purchased Harman common stock during the Class Period for the beneficial interest of a person or organization other than themselves to either (i) within fourteen (14) days of receipt of the Notice, request from A.B. Data sufficient copies of the Notice Packet to forward to all such beneficial owners, and within fourteen (14) days of receipt of copies of the Notice Packet forward them to all such beneficial owners; or (ii) within fourteen (14) days of receipt of the Notice, provide to A.B. Data the names and addresses of all such beneficial owners.  *See* Notice ¶ 73.

6.      As of August 24, 2017, A.B. Data had received an additional 17,225 names and addresses of potential Class Members from individuals or brokerage firms, banks, institutions, and other nominees.  A.B. Data has also received requests from brokers and other nominee holders for 20,259 Notice Packets to be forwarded by the nominees to their customers.  All such requests

_____

[2] As a result of a typographical error appearing in the Notices mailed on June 1, corrected versions were mailed on June 12, 2017.

have been, and will continue to be, complied with and addressed in a timely manner.

7.      As of August 24, 2017, a total of 42,923 Notice Packets have been mailed to potential Class Members and their nominees.  In addition, A.B. Data has remailed 215 Notice Packets to persons whose original mailings were returned by the U.S. Postal Service ("USPS") and for whom updated addresses were provided to A.B. Data by the USPS.

## PUBLICATION OF THE SUMMARY NOTICE

8.      In accordance with Paragraph 7(b) of the Preliminary Approval Order, A.B. Data caused the Summary Notice to be published in *Investor's Business Daily* and released via *PR Newswire* on June 12, 2017.  Copies of proof of publication of the Summary Notice in *Investor's Business Daily* and over *PR Newswire* are attached hereto as Exhibits B and C, respectively.

## TELEPHONE HELP LINE

9.      On June 1, 2017, A.B. Data established a case-specific, toll-free telephone helpline, 877-265-3027, with an interactive voice response system and live operators, to accommodate potential Class Members with questions about the Action and the Settlement.  The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions.  Callers requiring further help have the option to be transferred to a live operator during business hours.  A.B. Data continues to maintain the telephone helpline and will update the interactive voice response system as necessary through the administration of the Settlement.

## SETTLEMENT WEBSITE

10.     In accordance with Paragraph 7(c) of the Preliminary Approval Order, A.B. Data established the Settlement website for this Action, www.HarmanSecuritiesSettlement.com.  The Settlement website includes information regarding the Action and the proposed Settlement,

including the exclusion, objection, and claim-filing deadlines and the date and time of the Court's Final Approval Hearing.  In addition, copies of the Notice, Claim Form, Stipulation, Preliminary Approval Order, and other documents related to the Action are posted on the website and are available for downloading.  The Settlement website was operational beginning on June 1, 2017, and is accessible 24 hours a day, 7 days a week.

## REPORT ON REQUESTS FOR EXCLUSIONS

11.     The Notice informed potential Class Members that requests for exclusion are to be sent to the Claims Administrator, such that they are received no later than August 29, 2017.  The Notice also sets forth the information that must be included in each request for exclusion.  As of August 24, 2017, A.B. Data had received no requests for exclusion. A.B. Data will submit a supplemental affidavit after the August 29, 2017 deadline addressing any requests for exclusion received.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 24, 2017.

_____
Adam D. Walter

# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE HARMAN INTERNATIONAL INDUSTRIES, INC. SECURITIES LITIGATION | Case No. 1:07-cv-01757-RC |

**NOTICE OF PENDENCY OF CLASS ACTION AND**
**PROPOSED SETTLEMENT**

**IF YOU PURCHASED SHARES OF HARMAN INTERNATIONAL INDUSTRIES, INC. COMMON STOCK BETWEEN APRIL 26, 2007 AND FEBRUARY 5, 2008, INCLUSIVE, YOU COULD RECEIVE A PAYMENT FROM A PROPOSED CLASS ACTION SETTLEMENT**

This Notice explains important rights you have, including your possible receipt of cash from a proposed Settlement. **Your legal rights will be affected whether or not you act.** A Federal Court authorized this Notice. This is not a solicitation from a lawyer.[1]

**PLEASE READ THIS NOTICE CAREFULLY!**

1. **Securities and Class Period**: Harman International Industries, Inc. ("Harman") common stock purchased between April 26, 2007 and February 5, 2008, both dates inclusive (the "Class Period").

2. **Description of the Action and the Class**: The proposed Settlement resolves class action litigation over whether Harman and certain of its current and former executives allegedly made or were otherwise liable for three allegedly material misrepresentations and omissions contained in Harman's public statements made during the Class Period. Arkansas Public Employees Retirement System ("APERS"), previously designated by the Court as "Lead Plaintiff" in the Action, has been preliminarily appointed by the Court to represent all Class Members as the "Class Representative" for the case. Lead Plaintiff's counsel, Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein"), previously appointed by the Court to serve as "Lead Counsel," has been preliminarily appointed by the Court to serve as "Class Counsel." The Court has preliminarily certified that "Class" to consist of:

> All persons or entities who purchased shares of Harman common stock between April 26, 2007 and February 5, 2008, inclusive. Excluded from the Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Harman during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Harman common stock through or on behalf of any such excluded persons or entities. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement.

3. **Statement of the Class's Recovery**: Subject to Court approval, and as described more fully in ¶¶ 20-22 below, Lead Plaintiff, on behalf of itself and the Class, has agreed to settle all Released Claims against Defendants and the Released Parties in exchange for a settlement payment of $28,250,000 in cash (the "Settlement Amount") to be deposited in an interest-bearing escrow account (the "Settlement Fund") and certain other terms. The Settlement Fund less all Taxes, Notice and Administration Costs, and attorneys' fees and Litigation Expenses that may be awarded by the Court to Lead Counsel and Lead Plaintiff (the "Net Settlement Fund") will be distributed to members of the Class in accordance with the plan of allocation (the "Plan of Allocation") that is subject to approval by the Court. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

4. **Statement of Estimated Average Amount of Recovery**: Your recovery will depend on the number of shares of Harman common stock that you purchased during the Class Period, the price(s) at which those shares were purchased, the timing of your purchases, and any sales. Depending on the number of eligible shares of common stock that participate in the Settlement and when and at what price that common stock was purchased and sold, the estimated average recovery per share of Harman common stock will be approximately $1.00 before deduction from the Settlement Fund of Court-approved fees and expenses and any other awards or payments.

5. **Statement of the Parties' Position on Damages**: Defendants deny all claims of wrongdoing and deny that they are liable to Lead Plaintiff and/or the Class or that Lead Plaintiff or other members of the Class suffered any injury. Moreover, the parties

---

[1] This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of April 19, 2017 (the "Settlement"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement. A copy of the Settlement can be obtained at www.harmansecuritiessettlement.com.

do not agree on the amount of damages that might be recoverable if liability could be proven.  The issues on which the parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false, or misleading for all the reasons alleged by Lead Plaintiff; (2) whether Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) whether all or part of the damages allegedly suffered by Lead Plaintiff or members of the Class were caused by the alleged misstatements or omissions.

6.    **Statement of Attorneys' Fees and Expenses Sought**: Lead Counsel has litigated this case on a contingent basis.  They have conducted this litigation and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund.  This is customary in this type of litigation.  Prior to final distribution of the Net Settlement Fund, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund (or $7,062,500), plus interest earned at the same rate for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution of this Action in an amount not to exceed $500,000 plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per share of common stock is $0.27.

7.    **Identification of Attorneys' Representatives**: Lead Plaintiff and the Class are being represented by Cohen Milstein Sellers & Toll PLLC.  Any questions regarding the Settlement should be directed to S. Douglas Bunch, Esq., 1100 New York Avenue N.W., Suite 500, Washington D.C. 20005, (202) 408-4600, dbunch@cohenmilstein.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS AND FILE A PROOF OF CLAIM FORM.** | This is the only way to receive a payment.  If you wish to obtain a payment as a member of the Class, you will need to file a proof of claim form (the "Proof of Claim Form"), which is included with this Notice, postmarked no later than September 8, 2017.  You may also submit your Proof of Claim Form through the settlement website at www.harmansecuritiessettlement.com. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 29, 2017.** | If you exclude yourself from the Class, you will receive no payment pursuant to this Settlement.  You may be able to seek recovery against the Defendants or other Released Parties through litigation at your own expense. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 29, 2017.** | Write to the Court and explain why you do not like the Settlement, the requested Judgment to approve the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses.  You cannot object to the Settlement unless you are a member of the Class and do not validly exclude yourself. |
| **GO TO THE HEARING ON SEPTEMBER 28, 2017 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN AUGUST 29, 2017.** | You may attend the hearing to speak in Court about the fairness of the Settlement; the requested Judgment to approve the Settlement; the proposed Plan of Allocation; or Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses.  You cannot object to the Settlement unless you are a member of the Class and do not validly exclude yourself. |
| **DO NOTHING.** | Receive no payment, remain a Class Member, give up your rights to seek recovery against the Defendants and other Released Parties through other litigation and be bound by the Judgment entered by the Court if it approves the Settlement, including the release of the Released Claims. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why did I get this Notice? ...................................................................................................................................Page 3

What is this case about? What has happened so far?  .........................................................................................Page 4

What are Lead Plaintiff's reasons for the Settlement?........................................................................................Page 4

What might happen if there were no Settlement? ...................................................................................Page 5

How do I know if I am affected by the Settlement? ...............................................................................Page 5

How much will my payment be? When will I receive it? .......................................................................Page 5

What rights am I giving up by agreeing to the Settlement? ....................................................................Page 9

What payment are the attorneys for the Class seeking?  How will the lawyers be paid?.........................Page 10

How do I participate in the Settlement?  What do I need to do?..............................................................Page 11

What if I do not want to be part of the Settlement? How do I exclude myself?.......................................Page 11

When and where will the Court decide whether to approve the Settlement?
   Do I have to come to the hearing?
   May I speak at the hearing if I do not like the Settlement?.................................................................Page 11

What if I bought shares on somoeone else's behalf? ..............................................................................Page 12

Can I see the court file? Who should I contact if I have questions?........................................................Page 13

## WHY DID I GET THIS NOTICE?

8.   This Notice is being sent to you pursuant to an order of the United States District Court for the District of Columbia (the "Court") because you or someone in your family may have purchased Harman common stock as described above.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this case.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.

9.   A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  Once the class is certified, the Court's resolution of all issues, whether or not favorable, is binding on the class, except for any persons who choose to exclude themselves from the class (for more information on excluding yourself from the Class, please read "What if I do not want to be a part of the Settlement? How do I exclude myself?" located below).  In the Action, the Court has directed that Lead Plaintiff and Lead Counsel have primary responsibility for prosecuting all claims against Defendants on behalf of investors who purchased Harman common stock during the Class Period.

10.  The Court in charge of this case is the United States District Court for the District of Columbia, and the case is known as *In re Harman International Industries, Inc. Securities Litigation*, No. 1:07-cv-01757-RC (the "Action").  The Judge presiding over this case is the Honorable Rudolph Contreras.  The person who is suing is called the plaintiff, and those who are being sued are called defendants.  In this case, the Lead Plaintiff is Arkansas Public Employees Retirement Fund, and the Defendants consist of Harman, two of its current and former executives (Dinesh Paliwal and Kevin Brown), as well as the "Estate of Dr. Sidney Harman."  Dr. Sidney Harman, another former Harman executive, was initially named as a Defendant in this action, but he passed away during the pendency of this litigation.  Lead Plaintiff added the "Estate of Dr. Harman" as a Defendant on October 16, 2015.[2]  The proposed Settlement is with all the foregoing Defendants, for the benefit of themselves and the Released Parties.

11.  This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case; that it is a proposed class action; how you might be affected; how to object, if you wish, to the proposed Settlement and/or the other matters to be considered by the Court at the Final Approval Hearing (identified below); and how to exclude yourself from the proposed Settlement and the Class if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement and the other matters identified below (the "Final Approval Hearing").

12.  The Final Approval Hearing will be held on September 28, 2017 at 10:00 a.m. before the Honorable Rudolph Contreras at the United States District Court for the District of Columbia, E. Barrett Prettyman U.S. Courthouse, 333 Constitution Avenue, N.W., Courtroom 14, Washington D.C. 20001, to determine:

    I.    whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement is fair, reasonable, adequate, and in the best interests of the Class and should be approved by the Court;

---

[2]   For purposes of the Settlement, the "Estate of Dr. Harman" includes the trusts and foundations that held Dr. Harman's personal assets at the time of his death.

II.   whether a judgment should be entered, as proposed in the Settlement, which, among other things, would dismiss the Action against Defendants with prejudice and release, on behalf of the Class, the Released Claims against the Released Parties (the "Judgment");

III.   whether, for purposes of the Settlement, the Class should be finally certified; whether Lead Plaintiff should be finally appointed as Class Representative for the Class; and whether Lead Counsel should be finally appointed as Class Counsel for the Class;

IV.   whether the proposed Plan of Allocation is reasonable and should be approved by the Court; and

V.   whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

13.   This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  Any distribution will not be paid until after the completion of all claims processing.  Please be patient.

## WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

14.   The Complaint in this Action asserts, among other things, that in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), Defendants misled investors by misrepresenting or concealing the true nature of Harman's personal navigation device ("PND") business.   In particular, the Complaint asserts that Defendants knowingly or recklessly represented to investors that the Company's PND business was strong and poised for growth when in reality the Company's inventory of PNDs was ballooning and Defendants were unable to meet their PND sales targets.   When the market learned the truth about the Company's PND business, the price of Harman's common stock declined and investors were allegedly harmed.

15.   On January 17, 2014, the Court granted Defendants' motion to dismiss this Action.  On February 18, 2014, Lead Plaintiff filed a limited appeal to the Court of Appeals for the D.C. Circuit (the "Circuit Court") focusing on three misstatements that were dismissed as a result of the Court's January 17, 2014 Order.   On June 23, 2015, the Circuit Court issued a ruling on Lead Plaintiff's appeal, reversing the dismissal of the three misstatements.  Following the Circuit Court's decision, Defendants filed a petition for a writ of *certiorari* with the United States Supreme Court ("Supreme Court").  Following full briefing, the Supreme Court denied Defendants' petition.

16.   On October 16, 2015, Lead Plaintiff filed the operative Complaint in this Action, alleging that Defendants made three materially false statements to the public concerning the Company's PND business during the Class Period.  Defendants answered Lead Plaintiff's Complaint, denying all wrongdoing.

17.   Lead Plaintiff filed a motion for class certification on April 1, 2016 and the parties began active discovery.   The discovery conducted in this Action was extensive.  Lead Plaintiff reviewed over 32,000 documents; produced over 600 documents on behalf of Lead Plaintiff; issued four document subpoenas to non-parties; and prepared for and defended the deposition of Lead Plaintiff, three of Lead Plaintiff's investment managers, and Lead Plaintiff's market efficiency expert.   Lead Plaintiff also deposed Defendants' market efficiency expert in connection with class certification.

18.   While discovery was underway, and following full briefing on the motion for class certification, the parties requested that the Court postpone ruling on the class certification motion so that the parties could engage in private mediation in an effort to resolve the Action.

19.   On September 16, 2016, Lead Plaintiff, Defendants and certain of Defendants' insurance carriers (the "D&O Insurers") participated in a full-day mediation session with the Honorable Daniel Weinstein (Ret.) of Judicial Arbitration and Mediation Services ("JAMS").   Although a resolution was not reached during the mediation session, the parties continued to engage in arms-length negotiations through Judge Weinstein during the weeks that followed the mediation.   On November 17, 2016, Judge Weinstein made a mediator's proposal to settle the case for $28,250,000.  On November 18, 2016, Lead Plaintiff, Defendants and the D&O Insurers accepted the mediator's proposal and agreed, subject to Court approval, to settle the Action.

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

20.   Lead Plaintiff and Lead Counsel believe that the claims asserted against the Defendants have merit.  Lead Plaintiff and Lead Counsel recognize, however, that there are significant risks with respect to proving liability and damages in addition to the expense and length of continued proceedings necessary to pursue their claims against the Defendants through continued discovery, trial and appeals.  Lead Plaintiff and Lead Counsel have, accordingly, considered the uncertain outcome of trial and any appeals following a trial in complex lawsuits like this one.

21.   In light of the risks of continued litigation, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel also believe that the Settlement provides a substantial benefit now, namely payment on behalf of Defendants and the Released Parties (as described below) of

$28,250,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

22.  Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action and affirm that they acted properly and lawfully at all times.  Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any and all of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants have, however, taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this.  Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

23.  If there was no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor members of the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

24.  If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of: all persons or entities who purchased shares of Harman common stock between April 26, 2007 and February 5, 2008, inclusive.  Excluded from the Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Harman during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Harman common stock through or on behalf of any such excluded persons or entities.  Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in this Notice.

25.  RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ELIGIBLE TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED PROOF OF CLAIM FORM POSTMARKED NO LATER THAN SEPTEMBER 8, 2017.

## HOW MUCH WILL MY PAYMENT BE? WHEN WILL I RECEIVE IT?

## I.   PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS

26.  The Settlement Amount shall be deposited into the Settlement Fund by the D&O Insurers within thirty (30) calendar days following the later of (i) the entry of the Preliminary Approval Order by the Court, or (ii) receipt by the D&O Insurers of each of (a) a copy of the Preliminary Approval Order as entered by the Court (which shall be transmitted to them by Defendants' Counsel within no more than one business day of receipt), (b) a W-9 for the Settlement Fund, and (c) wire or check mailing instructions for payment to the Settlement Fund.  At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.

27.  The Net Settlement Fund (which equals the Settlement Fund of $28,250,000 less all Taxes, Notice and Administrative Costs, and Lead Counsel's attorneys' fees and Litigation Expenses to the extent approved by the Court) shall be distributed based on the acceptable Proof of Claim Forms submitted by members of the Class.  The Net Settlement Fund will be distributed to those Class Members who timely submit acceptable Proof of Claim Forms ("Authorized Claimants") under the Plan of Allocation described below, or as otherwise ordered by the Court.

28.  Your share of the Net Settlement Fund will depend on the number of shares that Authorized Claimants submit to the Claims Administrator, relative to the Net Settlement Fund; how many shares you purchased and when you purchased them; whether you held or sold those shares; the date on which you sold those shares; and the price at which you sold them, among other factors.  At this time, it is not possible to determine how much individual Class Members who are determined to be Authorized Claimants may receive from the Settlement.

29.  A payment to any Authorized Claimant that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to those members of the Class will be made.

30.  For each Authorized Claimant, a "Recognized Loss" will be calculated.  The calculation of a "Recognized Loss," as described in ¶ 35 below, is not intended to be an estimate of, nor does it indicate, the amount that a Class Member might have been able to recover after a trial.  Nor is the calculation of a Recognized Loss pursuant to the Plan of Allocation an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement, which depends on the total Recognized Losses of all

Authorized Claimants.  The Recognized Loss formula provides the basis for proportionately allocating the Net Settlement Fund to Authorized Claimants.  That computation is only a method to weigh Class Members' claims against one another.  Each Authorized Claimant will receive a *pro rata* share of the Net Settlement Fund based on his, her or its Claim.

## II.    PROPOSED PLAN OF ALLOCATION: EXPLANATION OF RECOGNIZED LOSS OR GAIN AMOUNTS

31.  The Plan of Allocation has been prepared by Lead Counsel with the assistance of Lead Plaintiff's damages consultant.  It reflects the allegations in the Complaint that Defendants made materially untrue and misleading statements and omissions in violation of Sections 10(b) and 20(a) of the Exchange Act and Lead Plaintiff's contention that it and the Class suffered damages when the truth concerning Defendants' allegedly misleading statements was revealed.  The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws, as opposed to losses caused by market or industry factors or factors unrelated to the alleged violations of law.  As set forth in the Plan of Allocation, Lead Plaintiff contends that on January 14, 2008 and February 5, 2008, Defendants disclosed information that allegedly corrected previous alleged misrepresentations and omissions, causing a drop in Harman's stock price (net of factors unrelated to the alleged misrepresentations and omissions).  An Authorized Claimant's Recognized Loss will be based upon the particular disclosure date on which the Class Member held Harman stock for those shares purchased during the Class Period.  The Recognized Loss formula is not intended to be an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

32.  Based on the foregoing, and for purposes of this Settlement only, the "Recognized Loss" for any share of Harman common stock purchased[3] during the Class Period will be calculated as set forth below.

## III.    PROPOSED PLAN OF ALLOCATION: CALCULATION DETAILS

33.  The Plan of Allocation was developed based on an event study analysis to estimate the amount of artificial inflation embedded in the price of Harman common stock each day during the Class Period.  This analysis measured what portion of the stock price declines following the January 14, 2008 and February 5, 2008 disclosures was attributable to the alleged fraud.  It indicated that $13.33 of the decline following the January 14, 2008 disclosure, and $0.89 of the decline following the February 5, 2008 disclosure, are attributable to the alleged fraud, *i.e.*, constitute the artificial inflation.  The total, or cumulative, artificial inflation is $13.33 plus $0.89, or $14.22.

34.  The Private Securities Litigation Reform Act ("PSLRA") sets a cap on damages in private securities class actions.  *See* 15 U.S.C. § 78u-4(e).  This cap limits damages to the difference between a plaintiff's purchase price and the mean trading price in the 90 days following the last corrective disclosure, or, if a sale takes place within those 90 days, the mean trading price up to the date of sale.  Here, the mean trading price in the 90 days following the last corrective disclosure was $41.94.  The mean trading price for dates of sale within those 90 days is set forth in Table B below.

35.  **Calculation of Recognized Losses** (*see* Table A): An Authorized Claimant's total "Recognized Loss" for Harman common stock is:

I.  For each share of Harman common stock purchased or otherwise acquired during the period of April 26, 2007 through January 11, 2008, inclusive, and:

   a.  sold prior to January 14, 2008, the Recognized Loss will be zero.[4]

   b.  retained beyond January 11, 2008, and sold before February 6, 2008, the Recognized Loss will be equal to the lesser of:

      a.  $13.33 per share; or
      b.  the excess (if any) of the purchase price per share over the sale price.

   c.  retained beyond February 6, 2008, but sold prior to or on May 5, 2008, the Recognized Loss will be equal to the lesser of:

      a.  $14.22 per share, or
      b.  the excess (if any) of the purchase price per share over the stock price listed in Table B, below.

   d.  retained beyond February 6, 2008, and retained beyond May 5, 2008, the Recognized Loss will be equal to the lesser of:

      a.  $14.22 per share; or
      b.  the excess (if any) of the purchase price per share over $41.94.[5]

---

[3]  All transactions are to be calculated at trade prices exclusive of commissions or fees.

[4]  A purchase or sale of shares of Harman common stock shall be deemed to have occurred on the "contract" or "trade" dated as opposed to the "settlement" or "payment" date.

II. For each share of Harman common stock purchased or otherwise acquired during the period January 14, 2008 through February 5, 2008, inclusive, and:

    a.    sold prior to February 6, 2008, the Recognized Loss will be zero.

    b.    retained beyond February 6, 2008, but sold prior to or on May 5, 2008, the Recognized Loss will be equal to the lesser of:

        a.    $0.89 per share, or:
        b.    the excess (if any) of the purchase price per share over the stock price listed in Table B, below.

    c.    retained beyond February 6, 2008, and retained beyond May 5, 2008, the Recognized Loss will be equal to the lesser of:

        a.    $0.89 per share, or:
        b.    the excess (if any) of the purchase price per share over $41.94.

### Table A:  Maximum Recoverable Amounts per Share of Harman Common Stock

| Period of Purchase | Period of Sale | | |
|---|---|---|---|
| | 04/26/2007 through 01/11/2008 | 01/14/2008 through 02/05/2008 | After Class Period |
| 04/26/2007 through 01/11/2008 | $0.00 | $13.33 | $14.22 |
| 01/14/2008 through 02/05/2008 | N/A | $0.00 | $0.89[6] |

36. For Class Members who held shares of Harman common stock at the beginning of the Class Period, or who made multiple purchases, acquisitions or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a Recognized Loss.  Under the FIFO method, shares of Harman common stock sold during the Class Period will be matched first against shares held at the beginning of the Class Period.  The sale of any remaining shares during the Class Period will then be matched in chronological order against shares purchased during the Class Period.

37. The Recognized Loss on "short sales" is zero.  In the event that a claimant has an opening short position in Harman common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery and will not contribute to a market gain or loss until that short position is fully covered.

38. To the extent a claimant had a gain from his, her, or its overall transactions in Harman common stock during the Class Period, the value of the claim will be zero.  Shares held before the beginning of the Class Period and uncovered short sales are excluded from the calculation of overall gain or loss.  For shares purchased during the Class Period and held through the end of the 90-day look-back period, a value of $41.94 will be applied as the holding value for the purpose of calculating an overall loss or gain. If a Class Member had a net market loss in his, her or its trading in Harman common stock, the Class Member's net Recognized Loss will be limited to the Class Member's net market loss.

---

[5]  $41.94 is equal to the mean closing stock price between February 6, 2008 and May 5, 2008, inclusive.

[6]  Investors who purchased Harman common stock between January 14, 2008 and February 5, 2008 and retained their shares beyond the Class Period are limited in the relief they can seek by the lesser of $0.89 or the excess (if any) of the purchase price over the mean closing stock price exhibited during the 90 calendar days following February 6, 2008.  *See* Table B.  Investors who purchased Harman common stock between January 14, 2008 and February 5, 2008 and retained their shares beyond May 5, 2008 are limited in the relief they can seek by the lesser of $0.89 or the excess (if any) of the purchase price over $41.94.

**Table B: Harman Mean Trading Price During the 90-Day PSLRA Period**

| Date | Price | Date | Price |
|------|-------|------|-------|
| 2/6/2008 | $38.70 | 3/24/2008 | $42.51 |
| 2/7/2008 | $39.61 | 3/25/2008 | $42.62 |
| 2/8/2008 | $39.64 | 3/26/2008 | $42.69 |
| 2/11/2008 | $40.08 | 3/27/2008 | $42.73 |
| 2/12/2008 | $40.31 | 3/28/2008 | $42.78 |
| 2/13/2008 | $40.75 | 3/31/2008 | $42.80 |
| 2/14/2008 | $41.01 | 4/1/2008 | $42.86 |
| 2/15/2008 | $41.26 | 4/2/2008 | $42.90 |
| 2/19/2008 | $41.44 | 4/3/2008 | $42.95 |
| 2/20/2008 | $41.59 | 4/4/2008 | $42.98 |
| 2/21/2008 | $41.61 | 4/7/2008 | $42.96 |
| 2/22/2008 | $41.67 | 4/8/2008 | $42.90 |
| 2/25/2008 | $41.81 | 4/9/2008 | $42.82 |
| 2/26/2008 | $41.91 | 4/10/2008 | $42.75 |
| 2/27/2008 | $41.98 | 4/11/2008 | $42.68 |
| 2/28/2008 | $41.99 | 4/14/2008 | $42.60 |
| 2/29/2008 | $41.94 | 4/15/2008 | $42.51 |
| 3/3/2008 | $41.95 | 4/16/2008 | $42.43 |
| 3/4/2008 | $41.98 | 4/17/2008 | $42.37 |
| 3/5/2008 | $42.02 | 4/18/2008 | $42.31 |
| 3/6/2008 | $42.02 | 4/21/2008 | $42.24 |
| 3/7/2008 | $42.05 | 4/22/2008 | $42.17 |
| 3/10/2008 | $42.05 | 4/23/2008 | $42.11 |
| 3/11/2008 | $42.13 | 4/24/2008 | $42.07 |
| 3/12/2008 | $42.22 | 4/25/2008 | $42.04 |
| 3/13/2008 | $42.30 | 4/28/2008 | $42.01 |
| 3/14/2008 | $42.31 | 4/29/2008 | $41.99 |
| 3/17/2008 | $42.27 | 4/30/2008 | $41.97 |
| 3/18/2008 | $42.27 | 5/1/2008 | $41.97 |
| 3/19/2008 | $42.30 | 5/2/2008 | $41.96 |
| 3/20/2008 | $42.37 | 5/5/2008 | $41.94 |

39.  The receipt or grant by gift, devise or inheritance of Harman common stock during the Class Period shall not be deemed to be a purchase of Harman common stock for purposes of the calculation of an Authorized Claimant's Recognized Loss if the person from whom the Harman common stock was received did not themselves purchase the common stock during the Class Period, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument or gift or assignment.

40.  If any funds remain in the Net Settlement Fund by reason of uncashed distributions or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Class Members who have cashed their initial distributions in a manner consistent with the Plan of Allocation.  The Claims Administrator shall, if feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Class Members in the same manner and time frame as provided for above.  If any portion of the Net Settlement Fund remains following the above-described distributions and is

of such an amount that in the determination of the Claims Administrator, in consultation with Lead Counsel, it is not cost-effective or efficient to redistribute such amount to the Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to a nonsectarian charitable organization(s) certified as tax-exempt under United States Internal Revenue Code Section 501(c)(3), to be approved by the Court.

## IV.   DISTRIBUTION OF THE NET SETTLEMENT FUND

41.   The "Recognized Loss" will be used solely to calculate the relative amount of the Net Settlement Fund to be apportioned to each Authorized Claimant and does not reflect the actual amount an Authorized Claimant may expect to recover from the Net Settlement Fund.  The combined Recognized Losses of all Authorized Claimants may be greater than the Net Settlement Fund.  If this is the case, and subject to the $10.00 minimum payment requirement described in ¶ 29 above, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund, which shall be his, her or its Recognized Loss divided by the total of all Recognized Losses to be paid, multiplied by the total amount in the Net Settlement Fund.

42.   Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No person shall have any claim based on distributions made substantially in accordance with the Settlement, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiff, Class Members, the Claims Administrator, Defendants or the Released Parties.  All members of the Class who fail to timely submit an acceptable Proof of Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Released Claims against the Released Parties provided for therein and in the Judgment.

43.   The Net Settlement Fund will not be distributed until the Court has approved a Plan of Allocation in an order that has become final (that is, the time for any petition for rehearing, appeal or review, whether by *certiorari* or otherwise, has expired and no appeal has been taken or the order has been affirmed on all possible appeals) and the Court has issued a Class Distribution Order that has also become final.

44.   The Court's approval of the Settlement is independent from its approval of the Plan of Allocation, its approval of Lead Counsel's application for attorneys' fees and Litigation Expenses, as well as the issuance of any Class Distribution Order.  Any determination by the Court or any appellate court with respect to the Plan of Allocation, Lead Plaintiff's application for attorneys' fees and Litigation Expenses and/or any Class Distribution Order will not affect the Settlement, if approved.

45.   Only those Class Members who purchased Harman common stock during the Class Period and were damaged as a result of such purchases will be eligible to share in the distribution of the Net Settlement Fund.  Each person or entity wishing to participate in the distribution must timely submit a valid Proof of Claim Form establishing membership in the Class and include all required documentation before the deadline set forth herein.

46.   Unless the Court otherwise orders, any Class Member who fails to submit a Proof of Claim Form before the deadline shall be forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Settlement, including the terms of any judgments entered and releases given.  This means that, if the Settlement is approved, each Class Member will be bound by the release of claims (described in ¶¶ 50-55 below) regardless of whether or not such Class Member submits a Proof of Claim Form.

47.   Persons and entities that are excluded from the Class by definition or that timely and properly request to exclude themselves from the Class (in the manner described below) will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms.

48.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

49.   The Plan of Allocation set forth herein is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or may modify it without further notice to the Class.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

50.   If the Settlement is approved, the Court will enter the Judgment.  The Judgment will dismiss with prejudice the claims against Defendants in the Action and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each Class Member, on behalf of themselves, their heirs, beneficiaries, trustees, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, resolved, relinquished, waived, discharged and dismissed each and every one of the Released Claims against the Released Parties; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim or any matter related thereto.

51.  The Judgment will also provide that, upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves, their heirs, beneficiaries, trustees, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, resolved, relinquished, waived, discharged and dismissed each and every one of the Settled Defendants' Claims; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Defendants' Claims; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity in respect of any Settled Defendants' Claim or any matter related thereto.

52.  "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert, or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory, or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims, that have (1) been asserted in this Action by Lead Plaintiff, the Class Members, or any of them against any of the Released Parties, or (2) that could have been asserted in any forum by Lead Plaintiff, the Class Members or any of them against any of the Released Parties which in any way arise out of, are related to, or are based upon (i) the purchase, sale, transfer, acquisition or ownership of Harman common stock during the Class Period or (ii) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in any of the various complaints filed in this Action.  Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement or its terms.

53.  "Released Parties" means any and all of the Defendants, each of the Defendants' respective past and present subsidiaries, parents, successors, predecessors, assigns, affiliates, controlled persons, controlling persons, family members and partners, and as to each of the foregoing, their legal representatives, heirs, executors, administrators, trustees, beneficiaries, managers, officers, directors, agents, employees, attorneys, independent auditors and investment advisors.

54.  "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by any of the Defendants, and all persons and/or entities claiming by, through, or on behalf of them, against Lead Plaintiff, any of the Class Members, or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in this Action. "Settled Defendants' Clams" does not include claims by Defendants or the Released Parties relating to the enforcement of the Settlement or its terms.

55.  "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any of the Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defendants' Claims, Lead Plaintiff and Defendants stipulate and agree that upon the Effective Date, Lead Plaintiff and Defendants shall each, for themselves and all persons claiming by, through, or on behalf of them, expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and Class Members' and Defendants' successors and assigns and any persons or entities claiming through or on their behalf shall, by operation of law, be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and was a material element of this Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

56.  Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund (or $7,062,500), plus interest at the same rate and for the same time period as earned by the Settlement Fund.  At the same time, Lead Counsel also intends to apply for the reimbursement of certain Litigation Expenses in an amount not to exceed $500,000, plus interest at the same rate and for the same time period as earned by the Settlement Fund.  The sums that may be approved by the Court will be paid from the Settlement Fund.  The Court's approval of Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, in whole or part, and any determination by any appellate court with respect thereto, is a

matter separate and apart from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and will not affect the Settlement, if approved.  Class Members are not personally liable for the payment of any sums awarded by the Court or any appellate court with respect to Lead Counsel's application for attorneys' fees and Litigation Expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

57.  If you purchased Harman common stock as described above, and you are not excluded from the definition of the Class and you do not timely and properly request to exclude yourself from the Class in the manner provided in this Notice, then you are a member of the Class and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class, including the Judgment and the releases therein.  If you are a member of the Class, you must submit a Proof of Claim Form and supporting documentation to establish your entitlement to share in the Settlement.  A Proof of Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Proof of Claim Form be mailed to you.  The website is www.harmansecuritiessettlement.com where you can also submit your Proof of Claim Form online.  You may also request a Proof of Claim Form by calling toll-free 877-265-3027 or emailing info@harmansecuritiessettlement.com.  Copies of the Proof of Claim Form can also be downloaded from Lead Counsel's website at www.cohenmilstein.com.  Those who timely and properly exclude themselves from the Class, and those who do not submit timely and valid Proof of Claim Forms with adequate supporting documentation, will not be eligible to share in the Settlement.  Please retain all records of your ownership of, or transactions in, Harman common stock during the Class Period, as they may be needed to document your claim.  Do not submit original documentation with your Proof of Claim Form – submit copies only – because materials submitted will not be returned.

58.  As a Class Member, you are represented by Lead Plaintiff and Lead Counsel unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

59.  If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?"

60.  If you wish to object to the Settlement or any of its terms, the proposed Judgment, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

## WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

61.  Each Class Member will be bound by all determinations and judgments, whether favorable or unfavorable, concerning the Settlement, if approved by the Court, unless such person or entity mails, by first class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Class, addressed to *Harman International Industries Inc. Securities Settlement*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173035, Milwaukee, WI 53217.  The written request for exclusion must be received by no later than August 29, 2017.  Each person's or entity's written request for exclusion must clearly provide their (i) name, (ii) address, (iii) telephone number, (iv) number of shares of Harman common stock purchased or sold, (v) prices or other consideration paid or received for such share(s), (vi) the date of each purchase or sale transaction, and (vii) a statement that the Class member wishes to be excluded from the Class in *In re Harman International Industries, Inc. Securities Litigation*, Case No. 1:07-cv-01757-RC (D.D.C.).  Each written request for exclusion must be signed by the person or entity requested to be excluded.  Requests for exclusion will not be valid if they do not include the information set forth above and are not received by the date stated above, unless the Court otherwise determines.

***Please keep a copy of everything you send by mail, in case it is lost during shipping.***

62.  If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the Settlement.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?

63.  **If you do not wish to object in person to the proposed Settlement, Judgment, Plan of Allocation and/or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, you do not need to attend the Final Approval Hearing.  You can object to or participate in the Settlement without attending the Final Approval Hearing.**

64.  The Final Approval Hearing will be held on September 28, 2017, at 10:00 a.m., before the Honorable Rudolph Contreras at the United States District Court for the District of Columbia, E. Barrett Prettyman U.S. Courthouse, 333 Constitution Avenue, N.W., Courtroom 14, Washington, D.C. 20001.  The Court reserves the right to approve the Settlement, enter the Judgment,

approve the Plan of Allocation or grant Lead Counsel's request for attorneys' fees and Litigation Expenses at or after the Final Approval Hearing without further notice to the members of the Class.

65. Any Class Member who does not timely and properly request exclusion from the Class in accordance with ¶ 61 above may object to the proposed Settlement, Judgment, Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection with the Clerk's Office at the United States District Court for the District of Columbia at the address set forth below. You must also serve the written objection on Lead Counsel for the Class and counsel for Defendants at the addresses set forth below. You must serve the written objection so that the Court and all counsel *receive* the objections on or before August 29, 2017.

| Clerk's Office | Lead Counsel for the Class | Counsel for Defendants |
|---|---|---|
| Clerk of Court<br>E. Barrett Prettyman U.S. Courthouse<br>333 Constitution Avenue N.W.<br>Washington, DC 20001 | COHEN MILSTEIN SELLERS &<br>TOLL PLLC<br>S. Douglas Bunch<br>1100 New York Avenue N.W.<br>Suite 500, East Tower<br>Washington, DC 20005 | JONES DAY<br>Kelly A. Carrero<br>250 Vesey Street<br>New York, NY 10281 |

66. Unless the Court orders otherwise, your written objection will be considered only if it includes all of the following information: (a) your full name, address, and phone number; (b) a list and documentation of all of your transactions in Harman common stock during the Class Period, such as brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received (including all income received thereon); (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; and (e) your signature, even if you are represented by counsel.

67. You may not object to the Settlement, or any aspect of it, if you are not a member of the Class or if you exclude yourself from the Class.

68. If you wish to be heard orally at the Final Approval Hearing in opposition to the proposed Settlement, Judgment, Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, you must also include in your written objection (that must be filed and served in the manner and time period set forth above in ¶¶ 65-66) the following information: (a) a statement of your intention to appear at the Final Approval Hearing; (b) a list of all persons, if any, who will be called to testify in support of the objection and the subject of their expected testimony and the basis therefor; and (c) if you intend to appear at the Final Approval Hearing through counsel, a statement identifying all attorneys who will appear on your behalf.

69. You may file a written objection without having to appear at the Final Approval Hearing. You may not appear at the Final Approval Hearing to present your objection, however, unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

70. You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing. If you decide to hire an attorney at your own expense, he or she must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above in ¶ 65 so that the notice is received on or before August 29, 2017.

71. If you object to the proposed Settlement, Judgment, Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or otherwise request to be heard at the Final Approval Hearing in the manner stated above, you are submitting to the jurisdiction of the Court with respect to the subject matter of the Settlement, including, but not limited to, the release of the Released Claims as against the Released Parties contained in the Judgment. If the Court overrules your objection and approves the Settlement or the part of the Settlement to which you have objected, you only will potentially share in the Net Settlement Fund if you have timely and properly filed a Proof of Claim Form in the manner stated in ¶ 57 above and the Claims Administrator approves your claim.

72. The Final Approval Hearing may be adjourned by the Court without further written notice to the Class. Any new date for the Final Approval Hearing will be posted on the settlement website at www.harmansecuritiessettlement.com. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

73. If you purchased Harman common stock for the beneficial interest of a person or organization other than yourself, you must either (i) within fourteen (14) days after you receive this Notice, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim Form to forward to all such beneficial owners, and within fourteen (14) days of receipt of the copies of the Notice and Proof of Claim Form forward them to all such beneficial owners; or (ii) within fourteen (14) days after you

receive this Notice, provide a list of the names and addresses of all such beneficial owners (preferably in electronic format (*e.g.*, Excel .csv)) to *Harman International Industries Inc. Securities Settlement*, c/o A.B. Data, Ltd., FULFILLMENT, P.O. Box 173035, Milwaukee, WI 53217 or by email to info@harmansecuritiessettlement.com.  If you choose the second option, the Claims Administrator will send a copy of the Notice and Proof of Claim Form to each beneficial owner whose name and address you provide.  Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Copies of this Notice and Proof of Claim Form may also be obtained by calling the Claims Administrator at 877-265-3027, or may be downloaded from the settlement website, www.harmansecuritiessettlement.com, or Lead Counsel's website, www.cohenmilstein.com.

## CAN I SEE THE COURT FILE? WHO SHOULD I CONTACT IF I HAVE QUESTIONS?

74.  This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Action is available at www.harmansecuritiessettlement.com, including, among other documents, copies of the Settlement and the Complaint.  All inquiries concerning this Notice should be directed to:

*Harman International Industries Inc. Securities Settlement*

c/o A.B. Data, Ltd.

P.O. Box 173035

Milwaukee, WI 53217

Tel: (877) 265-3027

info@harmansecuritiessettlement.com


OR


COHEN MILSTEIN SELLERS & TOLL PLLC

S. Douglas Bunch

1100 New York Ave. N.W.

Suite 500, East Tower, Washington, D.C. 20005

Tel: (202) 408-4600

dbunch@cohenmilstein.com

*Lead Counsel*


**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**


Dated: June 1, 2017


By Order of the Court

United States District Court for the District of Columbia

<table>
<tr><td>

**MUST BE POSTMARKED NO LATER THAN SEPTEMBER 8, 2017**

</td><td>

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
*In re Harman International Industries Inc. Securities Litigation*
Case No.: 1:07-cv-1757-RC

</td><td>

For Official Use Only


</td></tr>
</table>

## INSTRUCTIONS FOR COMPLETING PROOF OF CLAIM FORM

### GENERAL RULES FOR RECOVERING

1. To recover as a Class Member based on your claims in the action entitled *In re Harman International Industries, Inc. Securities Litigation*, No. 1:07-cv-1757-RC (the "Action"),[1] you must complete and, on page 5 hereof, sign this Proof of Claim Form. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

2. Submission of this Proof of Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice of Pendency of Class Action and Proposed Settlement ("Notice").

3. YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM FORM POSTMARKED ON OR BEFORE SEPTEMBER 8, 2017, ADDRESSED AS FOLLOWS:

> *Harman International Industries Inc. Securities Settlement*
> c/o A.B. Data, Ltd.
> P.O. Box 173035
> Milwaukee, WI 53217

4. If you are NOT a Class Member (as defined in the Notice), DO NOT submit a Proof of Claim Form.

5. If you are a Class Member and you do not timely and validly request exclusion from the proposed Settlement, you will still be bound by the terms of the Settlement and any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

### IDENTIFICATION OF CLAIMANT

6. THIS PROOF OF CLAIM FORM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF HARMAN COMMON STOCK UPON WHICH THESE CLAIMS ARE BASED.

7. Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.

8. All joint purchasers must sign this Proof of Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim Form on behalf of Persons represented by them, and their authority must accompany this Claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

### IDENTIFICATION OF TRANSACTION(S)

9. Use Part II of this form entitled "Schedule of Holdings and Transactions in Harman Common Stock" to supply all required details of your transaction(s) in Harman common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

10. On the schedules, provide all of the requested information with respect to ***all*** of your purchases of Harman common stock which took place during the Class Period, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

11. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

12. You should attach documentation verifying your transactions in Harman common stock, such as copies of broker confirmations. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

---

[1] This Proof of Claim Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated as of April 19, 2017 ("Settlement" or the "Stipulation), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement. A copy of the Settlement can be obtained at www.harmansecuritiessettlement.com.

# PROOF OF CLAIM FORM

<table>
<tr>
<td>

**MUST BE
POSTMARKED
NO LATER THAN
SEPTEMBER 8, 2017**

</td>
<td>

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
*In re Harman International Industries, Inc.
Securities Litigation*
Case No.: 1:07-cv-1757-RC

</td>
<td>

For Official Use Only



</td>
</tr>
</table>

## PART I: CLAIMANT IDENTIFICATION

**Claimant/Representative Contact Information:**

The Claims Administrator will use the contact information for all correspondence relevant to this Claim (including the distribution (check), if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the above address.

Claimant's Name (as you would like it to appear on your check if eligible for payment)

Address Line 1 (Number and Street or P.O. Box)

Address Line 2 (if needed)

City                    State or Province          Zip Code

Country name                    Last 4 Digits of Social Security Number (for individuals)
                                Or T.I.N. (for estates, trusts, corporations, etc.)

Representative's Name (if different from the Claimant's Name(s) listed above)

Telephone Number (Work)              Telephone Number (Home)

Email

**PART II: SCHEDULE OF TRANSACTIONS IN HARMAN COMMON STOCK**

| | |
|---|---|
| **A.  HOLDINGS AT START OF CLASS PERIOD** – List all shares of Harman common stock held as of April 26, 2007. | Proof of Holdings Enclosed ○ Y   ○ N |

**B.   PURCHASES** – List all purchases of Harman common stock between April 26, 2007 and May 5, 2008, inclusive.  Be sure to attach documentation verifying your transactions.

IF NONE, CHECK HERE ○

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Price Per Share | Total Purchase Price | Proof of Purchase Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |

**C.   SALES** – List all sales of Harman common stock between April 26, 2007 and May 5, 2008. Be sure to attach documentation verifying your transactions.

IF NONE, CHECK HERE ○

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares | Sale Price | Total Sales Proceeds | Proof of Sale Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |
| /     / | | $ | $ | ○ Y   ○ N |

| | |
|---|---|
| **D.  UNSOLD HOLDINGS** – List the number of shares of Harman common stock held as of the close of trading on May 5, 2008.  Be sure to attach documentation verifying your holdings such as a current account statement as of May 5, 2008. | Proof of Holdings Enclosed ○ Y   ○ N |

**If you require additional space to list your transactions, use photocopies of this page and check this box.** ☐

YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE 5 WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.

## PART III: SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (WE) SUBMIT THIS PROOF OF CLAIM FORM UNDER THE TERMS OF THE SETTLEMENT DESCRIBED IN THE NOTICE. I (WE) ALSO SUBMIT TO THE EXCLUSIVE JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA WITH RESPECT TO MY (OUR) CLAIM AS A CLASS MEMBER AND FOR PURPOSES OF ENFORCING THE RELEASES SET FORTH IN THE SETTLEMENT AND REPEATED HEREIN.  I (WE) FURTHER ACKNOWLEDGE THAT I AM (WE ARE) BOUND BY AND SUBJECT TO THE TERMS OF ANY JUDGMENT THAT MAY BE ENTERED IN THE ACTION. I (WE) AGREE TO FURNISH ADDITIONAL INFORMATION TO THE CLAIMS ADMINISTRATOR TO SUPPORT THIS CLAIM IF REQUESTED TO DO SO.  I (WE) HAVE NOT SUBMITTED ANY OTHER CLAIM COVERING THE SAME PURCHASES OR SALES OF HARMAN COMMON STOCK AND KNOW OF NO OTHER PERSON HAVING DONE SO ON MY (OUR) BEHALF.

## PART IV: RELEASE

1. I (WE) HEREBY ACKNOWLEDGE, ON BEHALF OF MYSELF (OURSELVES) AND EACH OF MY (OUR) HEIRS, BENEFICIARIES, TRUSTEES, EXECUTORS, ADMINISTRATORS, PREDECESSORS, SUCCESSORS AND ASSIGNS, AND ANY OTHER PERSON CLAIMING BY, THROUGH OR ON BEHALF OF ME (US), THAT I (WE) (A) RELEASE, RESOLVE, RELINQUISH, WAIVE, DISCHARGE AND DISMISS EACH AND EVERY ONE OF THE RELEASED CLAIMS AGAINST THE RELEASED PARTIES; (B) ARE FOREVER ENJOINED FROM COMMENCING, INSTITUTING OR PROSECUTING ANY OR ALL OF THE RELEASED CLAIMS AGAINST ANY OF THE RELEASED PARTIES; AND (C) ARE FOREVER ENJOINED FROM INSTITUTING, CONTINUING, MAINTAINING OR ASSERTING, EITHER DIRECTLY OR INDIRECTLY, WHETHER IN THE UNITED STATES OR ELSEWHERE, ON MY (OUR) OWN BEHALF OR ON BEHALF OF ANY CLASS OR ANY OTHER PERSON, ANY ACTION, SUIT, CAUSE OF ACTION, CLAIM OR DEMAND AGAINST ANY PERSON OR ENTITY WHO MAY CLAIM ANY FORM OF CONTRIBUTION OR INDEMNITY FROM ANY OF THE RELEASED PARTIES IN RESPECT OF ANY RELEASED CLAIM OR ANY MATTER RELATED THERETO.

2. "RELEASED PARTIES" MEANS ANY AND ALL OF THE DEFENDANTS, EACH OF THE DEFENDANTS' RESPECTIVE PAST AND PRESENT SUBSIDIARIES, PARENTS, SUCCESSORS, PREDECESSORS, ASSIGNS, AFFILIATES, CONTROLLED PERSONS, CONTROLLING PERSONS, FAMILY MEMBERS AND PARTNERS, AND AS TO EACH OF THE FOREGOING, THEIR LEGAL REPRESENTATIVES, HEIRS, EXECUTORS, ADMINISTRATORS, TRUSTEES, BENEFICIARIES, MANAGERS, OFFICERS, DIRECTORS, AGENTS, EMPLOYEES, ATTORNEYS, INDEPENDENT AUDITORS AND INVESTMENT ADVISORS.

3. "RELEASED CLAIMS" MEANS ANY AND ALL CLAIMS, DEBTS, DEMANDS, RIGHTS OR CAUSES OF ACTION OR LIABILITIES WHATSOEVER (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS FOR DAMAGES, INTEREST, ATTORNEYS' FEES, EXPERT OR CONSULTING FEES, AND ANY OTHER COSTS, EXPENSES OR LIABILITY WHATSOEVER), WHETHER BASED ON FEDERAL, STATE, LOCAL, STATUTORY, OR COMMON LAW OR ANY OTHER LAW, RULE OR REGULATION, WHETHER FIXED OR CONTINGENT, ACCRUED OR UNACCRUED, LIQUIDATED OR UNLIQUIDATED, AT LAW OR IN EQUITY, MATURED OR UNMATURED, WHETHER CLASS OR INDIVIDUAL IN NATURE, INCLUDING BOTH KNOWN CLAIMS AND UNKNOWN CLAIMS, THAT HAVE (1) BEEN ASSERTED IN THIS ACTION BY LEAD PLAINTIFF, THE CLASS MEMBERS, OR ANY OF THEM AGAINST ANY OF THE RELEASED PARTIES, OR (2) THAT COULD HAVE BEEN ASSERTED IN ANY FORUM BY LEAD PLAINTIFF, THE CLASS MEMBERS OR ANY OF THEM AGAINST ANY OF THE RELEASED PARTIES WHICH IN ANY WAY ARISE OUT OF, ARE RELATED TO, OR ARE BASED UPON (I) THE PURCHASE, SALE, TRANSFER, ACQUISITION OR OWNERSHIP OF HARMAN COMMON STOCK DURING THE CLASS PERIOD OR (II) THE ALLEGATIONS, TRANSACTIONS, FACTS, MATTERS OR OCCURRENCES, REPRESENTATIONS OR OMISSIONS INVOLVED, SET FORTH, OR REFERRED TO IN ANY OF THE VARIOUS COMPLAINTS FILED IN THIS ACTION. NOTWITHSTANDING THE FOREGOING, "RELEASED CLAIMS" DOES NOT INCLUDE CLAIMS RELATING TO THE ENFORCEMENT OF THE SETTLEMENT OR ITS TERMS.

4. "UNKNOWN CLAIMS" MEANS ANY AND ALL RELEASED CLAIMS THAT LEAD PLAINTIFF OR ANY CLASS MEMBER DOES NOT KNOW OR SUSPECT TO EXIST IN HIS, HER OR ITS FAVOR AT THE TIME OF THE RELEASE OF THE RELEASED PARTIES, AND ANY OF THE SETTLED DEFENDANTS' CLAIMS WHICH ANY DEFENDANT DOES NOT KNOW OR SUSPECT TO EXIST IN HIS, HER OR ITS FAVOR, WHICH IF KNOWN BY HIM, HER OR IT MIGHT HAVE AFFECTED HIS, HER OR ITS DECISION(S) WITH RESPECT TO THE SETTLEMENT.  WITH RESPECT TO ANY AND ALL RELEASED CLAIMS AND SETTLED DEFENDANTS' CLAIMS, LEAD PLAINTIFF AND DEFENDANTS STIPULATE AND AGREE THAT UPON THE EFFECTIVE DATE, LEAD PLAINTIFF AND DEFENDANTS SHALL EACH, FOR THEMSELVES AND ALL PERSONS CLAIMING BY, THROUGH, OR ON BEHALF OF THEM, EXPRESSLY WAIVE, AND EACH CLASS MEMBER SHALL BE DEEMED TO HAVE WAIVED, AND BY OPERATION OF THE JUDGMENT SHALL HAVE EXPRESSLY WAIVED, ANY AND ALL PROVISIONS,

RIGHTS AND BENEFITS CONFERRED BY ANY LAW OF ANY STATE OR TERRITORY OF THE UNITED STATES, OR PRINCIPLE OF COMMON LAW, THAT IS SIMILAR, COMPARABLE, OR EQUIVALENT TO CAL. CIV. CODE § 1542, WHICH PROVIDES:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

LEAD PLAINTIFF AND DEFENDANTS ACKNOWLEDGE, AND CLASS MEMBERS' AND DEFENDANTS' SUCCESSORS AND ASSIGNS AND ANY PERSONS OR ENTITIES CLAIMING THROUGH OR ON THEIR BEHALF SHALL, BY OPERATION OF LAW, BE DEEMED TO HAVE ACKNOWLEDGED, THAT THE INCLUSION OF "UNKNOWN CLAIMS" IN THE DEFINITION OF RELEASED CLAIMS AND SETTLED DEFENDANTS' CLAIMS WAS SEPARATELY BARGAINED FOR AND WAS A MATERIAL ELEMENT OF THIS SETTLEMENT.

5. THIS RELEASE SHALL BE OF NO FORCE OR EFFECT UNLESS AND UNTIL THE COURT APPROVES THE SETTLEMENT AND THE SETTLEMENT BECOMES EFFECTIVE ON THE EFFECTIVE DATE (AS DEFINED IN THE STIPULATION).

6. I (WE) HEREBY WARRANT AND REPRESENT THAT I (WE) HAVE NOT ASSIGNED OR TRANSFERRED OR PURPORTED TO ASSIGN OR TRANSFER, VOLUNTARILY OR INVOLUNTARILY, ANY MATTER RELEASED PURSUANT TO THE SETTLEMENT OR ANY OTHER PART OR PORTION THEREOF.

7. I (WE) HEREBY WARRANT AND REPRESENT THAT I (WE) HAVE INCLUDED INFORMATION ABOUT ALL OF MY (OUR) PURCHASES AND SALES OF HARMAN COMMON STOCK DURING THE REQUIRED PERIODS AS SET FORTH ABOVE.

8. I (WE) HEREBY WARRANT AND REPRESENT THAT I AM (WE ARE) NOT EXCLUDED FROM THE CLASS AS DEFINED IN THE NOTICE.

9. I (WE) CERTIFY THAT I AM (WE ARE) NOT SUBJECT TO BACKUP WITHHOLDING UNDER THE PROVISIONS OF SECTION 3406(A)(1)(C) OF THE INTERNAL REVENUE CODE.

NOTE: IF YOU HAVE BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE THAT YOU ARE SUBJECT TO BACKUP WITHHOLDING, PLEASE STRIKE OUT THE LANGUAGE THAT YOU ARE NOT SUBJECT TO BACKUP WITHHOLDING IN THE CERTIFICATION ABOVE. I (WE) DECLARE THAT THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.

Executed this _____ day of _____, in _____, _____
                              (Month/Year)                          (City)                        (State/Country)

| | |
|---|---|
| Signature of Claimant | Signature of Joint Claimant, if any |
| Print Name of Claimant | Print Name of Joint Claimant, if any |
| Date | Date |

*If Claimant is other than an individual, or is not the person completing this form, the following **also** must be provided:*

| | |
|---|---|
| Signature of Person Completing Form | Date |
| Print Name of Person Completing Form | Capacity of Person(s) Signing, (e.g., Beneficial Purchaser, Executor or Administrator) |

**REMINDER CHECKLIST**

1.  Please be sure to sign this Proof of Claim Form.

2.  Remember to attach **COPIES OF** documentation verifying your transactions listed above.

3.  **DO NOT SEND ORIGINALS OF ANY DOCUMENTS VERIFYING YOUR TRANSACTIONS.**

4.  Keep a copy of your Proof of Claim Form for your records.

5.  If you move, please send your new address to the Claims Administrator at the address below:

*Harman International Industries, Inc. Securities Settlement*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173035
Milwaukee, WI 53217
info@harmansecuritiessettlement.com

6.  **Do not use highlighter on the Proof of Claim Form or supporting documentation.**

# EXHIBIT B



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN RE HARMAN INTERNATIONAL INDUSTRIES,
INC. SECURITIES LITIGATION

Case No. 1:07-cv-01757-RC

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON STOCK OF HARMAN INTERNATIONAL INDUSTRIES, INC. ("HARMAN") BETWEEN APRIL 26, 2007 AND FEBRUARY 5, 2008, BOTH DATES INCLUSIVE ("THE CLASS PERIOD").**

YOU ARE HEREBY NOTIFIED that a proposed Settlement has been reached in this Action. (Capitalized terms are defined in the Stipulation and Agreement of Settlement, available on the website below.) A hearing will be held with respect to the Settlement on September 28, 2017, at 10:00 a.m. before the Honorable Rudolph Contreras, in the United States District Court for the District of Columbia, E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Courtroom 14, Washington, D.C., 20001.

The purpose of the hearing is to determine whether the proposed Settlement of the securities class action claims asserted in this Action, pursuant to which the Settlement Amount of twenty-eight million, two-hundred fifty thousand U.S. dollars ($28,250,000) shall be deposited into a Settlement Fund in exchange for the dismissal of the Action with prejudice and a release of claims against Defendants and Released Parties, should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Class. If you purchased Harman common stock during the Class Period, you may be entitled to share in the distribution of the Settlement Fund if you submit a Proof of Claim Form no later than September 8, 2017, and if the information and documentation you provide in that Proof of Claim Form establishes that you are entitled to a recovery.

This Summary Notice provides only a summary of matters regarding the Action and the Settlement. A detailed notice (the "Notice") describing the Action, the proposed Settlement, and the rights of Class Members to appear in court at the Final Approval Hearing, to request to be excluded from the Class, and/or to object to the Settlement, the Plan of Allocation and/or the request by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, has been mailed to persons or entities known to be potential Class Members. You may obtain a copy of that Notice, a Proof of Claim Form, the Settlement, and other information at www.harmansecuritiessettlement.com, or by writing to the following address or calling the following telephone number:

*Harman International Industries Inc. Securities Settlement*
c/o A.B. Data, Ltd.
P.O. Box 173035
Milwaukee, WI 53217
Tel: (877) 265-3027

If you are a Class Member, you have the right to object to the Settlement, the Plan of Allocation, and/or the request by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise request to be heard, by submitting no later than August 29, 2017, a written objection in accordance with the procedures described in the Notice. You also have the right to exclude yourself from the Class by submitting no later than August 29, 2017, a written request for exclusion from the Class in accordance with the procedures described in the Notice. If the Settlement is approved by the Court, you will be bound by the Settlement and the Court's Judgment, including the releases provided for in the Settlement and Judgment, unless you submit a request to be excluded.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the Notice, Proof of Claim Form, and the Settlement referenced above, may be made to Lead Counsel for the Lead Plaintiff:

**COHEN MILSTEIN SELLERS & TOLL PLLC**
S. Douglas Bunch
1100 New York Ave N.W.
Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Email: dbunch@cohenmilstein.com

DATED: June 12, 2017

By Order of the Court,
United States District Court for the District of Columbia

# EXHIBIT C



# The Law Firm of Cohen Milstein Sellers & Toll PLLC Announces the Pendency and Proposed Settlement of a Class Action on Behalf of all Purchasers of Harman International Industries, Inc. Common Stock

NEWS PROVIDED BY
**Cohen Milstein Sellers & Toll PLLC** →
Jun 12, 2017, 11:00 ET

WASHINGTON, June 12, 2017 /PRNewswire/ --

**UNITED STATES DISTRICT COURT FOR**

**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE HARMAN INTERNATIONAL INDUSTRIES, INC. SECURITIES LITIGATION | Case No. 1:07-cv-01757-RC |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON STOCK OF HARMAN INTERNATIONAL INDUSTRIES, INC. ("HARMAN") BETWEEN APRIL 26, 2007 AND FEBRUARY 5, 2008, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

YOU ARE HEREBY NOTIFIED that a proposed Settlement has been reached in this Action. (Capitalized terms are defined in the Stipulation and Agreement of Settlement, available on the website below.) A hearing will be held with respect to the Settlement on September 28, 2017, at 10:00 a.m. before the Honorable Rudolph Contreras, in the United States District Court for the District of Columbia, E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Courtroom 14, Washington, D.C., 20001.

The purpose of the hearing is to determine whether the proposed Settlement of the securities class action claims asserted in this Action, pursuant to which the Settlement Amount of twenty-eight million, two-hundred fifty thousand U.S. dollars ($28,250,000) shall be deposited into a Settlement Fund in exchange for the dismissal of the Action with prejudice and a release of claims against Defendants and Released Parties, should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Class.  If you purchased Harman common stock during the Class Period, you may be entitled to share in the distribution of the Settlement Fund if you submit a Proof of Claim Form no later than September 8, 2017, and if the information and documentation you provide in that Proof of Claim Form establishes that you are entitled to a recovery.

This Summary Notice provides only a summary of matters regarding the Action and the Settlement.  A detailed notice (the "Notice") describing the Action, the proposed Settlement, and the rights of Class Members to appear in court at the Final Approval Hearing, to request to be excluded from the Class, and/or to object to the Settlement, the Plan of Allocation and/or the request by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, has been mailed to persons or entities known to be potential Class Members.  You may obtain a copy of that Notice, a Proof of Claim Form, the Settlement, and other information at www.harmansecuritiessettlement.com, or by writing to the following address or calling the following telephone number:

c/o A.B. Data, Ltd.

P.O. Box 173035

Milwaukee, WI 53217

Tel: (877) 265-3027

If you are a Class Member, you have the right to object to the Settlement, the Plan of Allocation, and/or the request by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise request to be heard, by submitting no later than August 29, 2017, a written objection in accordance with the procedures described in the Notice. You also have the right to exclude yourself from the Class by submitting no later than August 29, 2017, a written request for exclusion from the Class in accordance with the procedures described in the Notice. If the Settlement is approved by the Court, you will be bound by the Settlement and the Court's Judgment, including the releases provided for in the Settlement and Judgment, unless you submit a request to be excluded.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the Notice, Proof of Claim Form, and the Settlement referenced above, may be made to Lead Counsel for the Lead Plaintiff:

**COHEN MILSTEIN SELLERS & TOLL PLLC**

S. Douglas Bunch

1100 New York Ave N.W.

Suite 500

Washington, D.C. 20005

Tel: (202) 408-4600

Email: dbunch@cohenmilstein.com

DATED: June 12, 2017      By Order of the Court,

United States District Court for the District of Columbia

SOURCE Cohen Milstein Sellers & Toll PLLC